TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00600-CR






Justin Thomas, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0954512, HONORABLE LARRY FULLER, JUDGE PRESIDING






 A jury found appellant guilty of murder and assessed punishment at imprisonment for life. 
Tex. Penal Code Ann. § 19.02(b)(1), (2) (West 1994). Finding appellant's seven points of error to be
without merit, we will affirm the judgment of conviction.

 Appellant and the murder victim, Regina Hartwell, met each other through a mutual friend,
Kim LeBlanc. According to LeBlanc, who testified for the State, appellant and Hartwell did not get along
because each resented the time LeBlanc spent with the other. On the day before the murder, Hartwell
called LeBlanc's apartment and spoke to appellant. They argued. After the call ended, appellant told
LeBlanc he was going to kill Hartwell.

 The following day, appellant stabbed Hartwell to death in her apartment. He wrapped
Hartwell's body in a blanket and placed it in the back of her Jeep, then drove the Jeep to LeBlanc's
apartment. LeBlanc agreed to help appellant dispose of Hartwell's body. She followed appellant as he
drove Hartwell's Jeep to a location in rural Bastrop County, where he poured gasoline over the Jeep and
body and set them on fire.

 Appellant brings forward three points of error in which he complains of the admission of
hearsay testimony. The first of these points relates to the telephone conversation on the day before the
murder. LeBlanc testified that she spoke to Hartwell after the angry exchange between Hartwell and
appellant. LeBlanc said, "I talked to her, and she told me that she was really angry, and she told me that
she could have -- ." Appellant interrupted with a hearsay objection. The objection was sustained and the
jury was removed from the courtroom. Outside the jury's presence, LeBlanc testified that Hartwell told
her on the telephone that "she could have Justin killed or send him to prison." (1) The court ruled that LeBlanc
could not testify to what Hartwell told her. When the jury returned, LeBlanc testified without objection that
appellant was angry after talking to Hartwell and told LeBlanc that "he was not going to let anybody send
him to prison."

 Appellant complains that the court should not have permitted LeBlanc to testify that
Hartwell told her she could have appellant killed or sent to prison. In fact, LeBlanc related these statements
only during voir dire outside the jury's presence. Appellant's hearsay objection was sustained and the
statements were not admitted in evidence before the jury. No error is presented. Point of error two is
overruled.

 Next, appellant urges that the court erroneously admitted hearsay testimony regarding
Hartwell's wealth. William J. Barnes, a friend and neighbor of Hartwell, testified that she spoke to him
about her financial condition. He was asked by the prosecutor, "How much money did she claim to have?" 
Appellant objected that the question called for hearsay. There was no ruling and the question was not
answered. The prosecutor then asked, "Do you know how much money she claimed to have?" Barnes
said he did. Next, the prosecutor asked, "Do you know how much money she had?" Barnes again said
he did, because Hartwell told him. Appellant voiced a hearsay objection, which was overruled. Finally,
the prosecutor asked Barnes, "Did she have anywhere near the amount of money that she claimed to
have?" Barnes said she did not. No out-of-court statement was adduced during this exchange. 
Appellant's hearsay complaint is without foundation. Point of error four is overruled.

 In his last hearsay point, appellant contends Austin police officer John Hunt was
erroneously allowed to relate a hearsay statement made by LeBlanc while he was taking her to the police
station for questioning. Hunt was asked by the prosecutor, "On the way to the police station with Kim, did
she express some concerns about her mother?" Hunt replied, "She was worried about her mother . . . ." 
Appellant objected that this was hearsay. The objection was overruled and Hunt continued, "She was
concerned, yes." If Hunt's answer to the prosecutor's question was hearsay, it related to LeBlanc's then-existing state of mind or emotion and was therefore admissible as an exception to the hearsay rule. Tex.
R. Crim. Evid. 803(3). Point of error five is overruled.

 In his sixth point of error, appellant contends the district court "erroneously refused to make
Montgomery findings during the testimony of Michael Milhills when requested to do so by defense
counsel." Appellant refers to Montgomery v. State, 810 S.W.2d 372, 389-91 (Tex. Crim. App. 1991)
(opinion on rehearing). In Montgomery, the court held that when overruling a rule 404(b) objection, the
trial court "should honor any request by the opponent of the evidence for articulation into the record of the
purpose for which [the] evidence is . . . admitted by the trial court." Id. at 387; see Tex. R. Crim. Evid.
404(b). The court further held that when an objection to evidence is made pursuant to rule 403, the trial
court must engage in a balancing process to determine whether the probative value of the evidence is
substantially outweighed by the danger of unfair prejudice. Montgomery, 810 S.W.2d at 389; see Tex.
R. Crim. Evid. 403.

 Milhills was an acquaintance of appellant and LeBlanc who had dinner with appellant the
night before the murder. He was asked by the prosecutor if he "recall[ed] telling my investigator about .
. . Justin Thomas being worried about Regina turning him into [sic] the police? Do you recall that?" 
Appellant objected, "if we're going to start getting into this area, let's withdraw the jury, let's find out what
the basis is." This objection was overruled, and Milhills said that he remembered telling the investigator that
appellant was worried about Hartwell reporting him to the police.

 Appellant did not object to Milhills's testimony pursuant to either rule 403 or 404, nor did
he ask the district court to make "Montgomery findings." His objection to the "basis" of the testimony was
an apparent reference to rule 602. See Tex. R. Crim. Evid. 602. Having failed to invoke rules 403 and
404(b) at trial, appellant may not invoke them on appeal. See Tex. R. App. P. 33.1(a). Point of error six
is overruled.

 Appellant's next point of error grows out of his cross-examination of Texas Ranger L. R.
Wardlow, one of the officers who investigated Hartwell's murder. In response to questioning by defense
counsel, Wardlow testified that he received a report that a person named Mark Simmons heard an
argument in Hartwell's apartment on the night before the murder. On redirect, Wardlow stated that he
received this report from another officer who had spoken to Simmons. When Wardlow was passed for
further cross-examination, defense counsel began, "Getting back to that argument, Ranger, since I believe
the prosecution has opened the door, the argument as it was reported to you was between Regina Hartwell
and Kim LeBlanc." Wardlow said that was correct. Counsel continued, "And part of that argument
contained threats by Kim LeBlanc to kill Regina Hartwell --." The prosecutor objected, "That's
intentionally misstated and incorrect. That's false. That's not in his report. I object to that question. 
That's not based on good faith." After further discussion between counsel and the court, the court
instructed the jury to disregard the last question. At this point, Wardlow was excused.

 Appellant argues that he should have been permitted to adduce testimony that LeBlanc
threatened to kill Hartwell. He concedes that such testimony would be hearsay, but urges that it was
admissible as a statement of LeBlanc's intent or plan. See Tex. R. Crim. Evid. 803(3). Appellant did not
make this argument in the trial court. Assuming this hearsay exception is applicable, it would apply only
to Simmons, the person who allegedly heard LeBlanc make the statement. Appellant, however, was
seeking to adduce triple hearsay: that Wardlow was told by another officer that Simmons told the officer
that he heard LeBlanc threaten to kill Hartwell. Hearsay within hearsay is admissible only if each link in the
hearsay chain conforms to a hearsay exception. Tex. R. Crim. Evid. 805. Appellant makes no effort to
demonstrate that either Simmons's statement to the other officer or the other officer's statement to
Wardlow was within a hearsay exception. No error is shown. Point of error one is overruled.

 Appellant testified in his own behalf. The essence of his testimony was that the relationship
between Hartwell and LeBlanc soured following a trip the two women took to Cancun, that LeBlanc killed
Hartwell, and that he helped LeBlanc dispose of the body. In point of error seven, appellant complains
of the exclusion of the following testimony proffered outside the jury's presence:


Q. What after they're back from Cancun, what is it that Kim said to you about her
relationship with Regina at that point?


A. Okay. She was saying that they were having problems over money. She didn't like
spending as much time as Regina because it was pretty apparent that it was upsetting
to Regina that her and I were together.


Q. Were you seeing any anger in Kim LeBlanc at this time?


A. After a while she started saying stuff like, "I wish, you know, she was never in my life. 
I wish I never got involved with her."


Q. All right. And when she was making those statement was she angry or not?


A. She was angry. She would get off the phone and be very angry.



 Appellant argues that this testimony was admissible as an admission by a party opponent,
as an excited utterance, and as a declaration of a mental or emotional condition. See Tex. R. Crim. Evid.
801(e)(2), 803(2) & (3). None of these contentions was presented to the district court. Appellant first
told the court he was offering this testimony to impeach LeBlanc. Later, he added that he was offering the
testimony as a statement by LeBlanc against her penal interest. See Tex. R. Crim. Evid. 803(24). Because
appellant's contentions on appeal were not made to the district court, nothing is presented for review. Tex.
R. App. P. 33.1(a). Point of error seven is overruled.

 Appellant's last point of error concerns the punishment stage of his trial. The State
introduced evidence that appellant killed a man in California during a drug deal in September 1992. 
Appellant contends that this evidence was irrelevant and inadmissible under rule 403 and 404. Tex. R.
Crim. Evid. 403, 404. He further contends that the State withheld exculpatory information regarding this
California offense. See Brady v. Maryland, 373 U.S. 83 (1963). Finally, he complains that the State did
not prove beyond a reasonable doubt that he committed this offense. See Tex. Code Crim. Proc. Ann.
art. 37.07, § 3(a) (West Supp. 1998).

 Appellant did not object to the California murder evidence on rule 403 or rule 404 grounds. 
Further, the admission of evidence at the punishment stage is governed by article 37.07, section 3(a), which
permits the introduction of evidence "as to any matter the court deems relevant to sentencing," including
unadjudicated extraneous offenses, and which expressly states that rule 404 does not apply. Id; see Tex.
R. Crim. Evid. 1101(d)(1). 

 Appellant's contention that the State withheld exculpatory material is not supported by the
record. The prosecutor told the court, and appellant does not deny, that the State gave the defense all the
information in its possession relating to the California offense. Appellant's argues, however, that the State
should have sought out and introduced evidence that either proved or disproved his claim that he was on
active military duty in Hawaii at the time the California murder was committed. Brady does not require the
State to seek out exculpatory material for use by the defendant. Palmer v. State, 902 S.W.2d 561, 563
(Tex. App.--Houston [1st Dist.] 1995, no pet.). Moreover, a Brady violation does not arise if the
defendant could have obtained the information at issue using reasonable diligence. Jackson v. State, 552
S.W.2d 798, 804 (Tex. Crim. App. 1976). There is no evidence that appellant could not obtain a copy
of his own military record.

 Dorothy Brown testified that she saw appellant fatally shoot a man identified as Rafael
Noriega outside Moreno Valley, California. The California police officers who investigated this murder
testified that they corroborated the details of Brown's story, but they found no physical evidence linking
appellant to the crime and appellant had never been charged with the offense. Kim LeBlanc testified that
appellant told her he killed a man named "Rafa" in California. This testimony was sufficient to support a
finding beyond a reasonable doubt that appellant committed the California murder. See Mitchell v. State,
931 S.W.2d 950, 954 (Tex. Crim. App. 1996); Art. 37.07, § 3(a). Point of error three is overruled.

 The judgment of conviction is affirmed.



 

 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and Kidd; Chief Justice Carroll not participating

Affirmed

Filed: March 12, 1998

Do Not Publish
1. Hartwell was familiar with appellant's methamphetamine business.



STYLE="font-family: CG Times Regular">A. She was angry. She would get off the phone and be very angry.



 Appellant argues that this testimony was admissible as an admission by a party opponent,
as an excited utterance, and as a declaration of a mental or emotional condition. See Tex. R. Crim. Evid.
801(e)(2), 803(2) & (3). None of these contentions was presented to the district court. Appellant first
told the court he was offering this testimony to impeach LeBlanc. Later, he added that he was offering the
testimony as a statement by LeBlanc against her penal interest. See Tex. R. Crim. Evid. 803(24). Because
appellant's contentions on appeal were not made to the district court, nothing is presented for review. Tex.
R. App. P. 33.1(a). Point of error seven is overruled.

 Appellant's last point of error concerns the punishment stage of his trial. The State
introduced evidence that appellant killed a man in California during a drug deal in September 1992. 
Appellant contends that this evidence was irrelevant and inadmissible under rule 403 and 404. Tex. R.
Crim. Evid. 403, 404. He further contends that the State withheld exculpatory information regarding this
California offense. See Brady v. Maryland, 373 U.S. 83 (1963). Finally, he complains that the State did
not prove beyond a reasonable doubt that he committed this offense. See Tex. Code Crim. Proc. Ann.
art. 37.07, § 3(a) (West Supp. 1998).

 Appellant did not object to the California murder evidence on rule 403 or rule 404 grounds. 
Further, the admission of evidence at the punishment stage is governed by article 37.07, section 3(a), which
permits the introduction of evidence "as to any matter the court deems relevant to sentencing," including
unadjudicated extraneous offenses, and which expressly states that rule 404 does not apply. Id; see Tex.
R. Crim. Evid. 1101(d)(1). 

 Appellant's contention that the State withheld exculpatory material is not supported by the
record. T