99-00184 Huerta v State of Texas.wpd



No. 04-99-00184-CR



Tomas HUERTA,


Appellant



v.



The STATE of Texas,


Appellee



From the 290th Judicial District Court, Bexar County, Texas


Trial Court No. 97-CR-2396


Honorable Pat Priest, Judge Presiding



Opinion by: Paul W. Green, Justice


Sitting: Catherine M. Stone, Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: October 18, 2000


AFFIRMED


 Appellant, Tomas Huerta, was convicted by a jury of the offense of Murder, (1) and
sentenced to twenty years confinement in the Institutional Division of the Texas Department
of Criminal Justice. Huerta raises four issues on appeal. In his first issue, Huerta complains
an improper outburst from a member of the gallery during his trial was inherently prejudicial
and therefore requires reversal. Issue two complains extraneous offense evidence presented
at the punishment phase of the trial was not proven beyond a reasonable doubt. Issues three
and four complain the evidence is legally and factually insufficient to support the jury's
verdict.

Issue One

 During the State's case in chief, the State offered the testimony of a Bexar County
Medical Examiner, Dr. Susanna Dana. Dr. Dana's testimony involved a discussion of
several autopsy photographs depicting the stab wounds to the victim in the case. When
several of the photographs were offered into evidence, Huerta's attorney examined them.
Huerta was sitting at the table with his attorney, and he also looked at the photographs. An
unidentified person sitting in the gallery said "Is that fascinating Tomas, how you slashed an
unarmed man?" The remark was loud enough to be heard and recorded by the court reporter.
The trial court immediately ejected the man from the courtroom. Huerta's counsel moved
for a mistrial, which was denied. The trial court instructed the jury to disregard the remark.
Later, Huerta's counsel renewed his objection. Although the court overruled his objection
a second time, it made a record of the size of the courtroom and the proximity of the
unidentified speaker to the jury. The record indicates the courtroom was 24 feet by 32 feet.
The unidentified speaker was sitting 8 to 10 feet from the nearest juror. The trial judge noted
for the record that some, if not all, of the jurors must have heard the outburst. 

 Conduct from bystanders which interferes with the normal proceedings of a trial will
not result in reversible error unless the defendant shows a reasonable probability that the
conduct interfered with the jury's verdict. See Landry v. State, 706 S.W.2d 105, 112 (Tex.
Crim. App. 1990). Injury to a defendant is measured on a case-by-case basis. See id. 

 In Foster v. State, 400 S.W.2d 552 (Tex. Crim. App. 1966) the defendant was on trial
for murder. During the cross examination of a deputy sheriff (one of the State's witnesses),
defendant's counsel inquired whether the accused disclosed the victim's request to the
defendant to "get a colored girl to take her down there for sexual relations, did he tell you
that?" See Foster, 400 S.W.2d at 555. At this point, the widow of the victim, who was
present in the gallery, stood and in a loud voice said, "[T]hat's a lie. That's a lie. He was
trying to protect his skin when he said that God damn liar."[sic] See id. (2) The court instructed
the jury to disregard the remark. The following day the defendant moved for a mistrial based
on the outburst. The trial court overruled the defendant's request. On appeal, the Court of
Criminal Appeals held the failure to grant the defendant's request for a mistrial was not error.
See id at 556.

 In Ashley v. State, 362 S.W.2d 847 (Tex. Crim. App. 1962), the deceased's widow
cried out during the defense counsel's closing argument in a murder trial. The substance of
the outburst was that the deceased was with his wife at a certain time on the evening when
he was killed. The defense moved for a mistrial which was overruled. The trial court,
without request from the defendant, instructed the jury to disregard the remark. The widow
was immediately removed from the courtroom. On appeal, the defendant argued the outburst
warranted reversal. The Court of Criminal Appeals affirmed the defendant's conviction.
The court discussed the outburst in the context of defendant's trial strategy and emphasized
that the outburst did not contradict the appellant's testimony regarding his whereabouts at
the time of the crime. Further, the court stressed the instruction to the jury to disregard the
outburst further mitigated the statement's impact, to the point no reasonable probability of
injury to the defendant existed. See Ashley, 362 S.W.2d at 851.

 The outburst in this case is similar to the one in Ashley. Huerta's trial strategy was
a self-defense theory. Huerta testified he did not see a weapon held by the victim, but the
victim was a much larger man, was intoxicated, and was on a rampage, causing Huerta to
fear for his life. Although improper, the outburst did not contradict the theory put forward
by Huerta. Further, because a limiting instruction was promptly given and the remark was
an isolated one, we hold Huerta failed to demonstrate by a reasonable probability the
improper remark interfered with the jury's verdict. 

Issue Two

 Huerta argues evidence of extraneous offenses presented by the State at the
punishment phase of his trial was not proven beyond a reasonable doubt. Evidence of
extraneous offenses is admissible in the punishment phase of a trial pursuant to Tex. Code
Crim. Proc. Ann. art. 37.07 § 3 (Vernon Supp. 2000). The evidence must be shown beyond
a reasonable doubt to have been committed by the accused. If the State fails to adduce
sufficient evidence, the trial court should not admit the evidence. See Stewart v. State, 927
S.W.2d 205, 208 (Tex. App.-Fort Worth 1996, pet. ref'd.)

 In this case, the extraneous offense evidence presented by the State consisted of
testimony from two San Antonio Police Officers. Both officers testified to the circumstances
surrounding two prior unadjudicated assaults committed by Huerta. The testimony of both
officers was hearsay admitted under Tex. R. Evid. 803(2) (excited utterance).

 The testimony of both officers indicated they responded to domestic disturbance calls
and encountered women who were visibly injured, excited, and upset. In both instances the
women told the officer about the assault that had just occurred. Although the exact time
when the assaults occurred was not demonstrated in the record, it is clear both declarants
made their statements while they were still under the emotional and physical stress of the
assaults committed by Huerta. See McFarland v. State, 845 S.W.2d 824, 846 (Tex. Crim.
App. 1992). The initial determination of admissibility under the excited utterance exception
to the hearsay rule was proper.

 The jury is responsible for determining whether the extraneous offenses have been
proven beyond a reasonable doubt. See Mitchell v. State, 931 S.W.2d 950, 954 (Tex. Crim.
App. 1996). In this case, both officers testified to the details of the assaults. Both officers
described the physical injuries of the assault victims, and related the excited utterances of
the assault victims. In each case, the victims had related to the officers at the scene that
Huerta had caused their injuries. There is clearly enough evidence here to support the jury's
finding beyond a reasonable doubt that Huerta committed the extraneous offenses admitted
into evidence at the punishment phase of trial. Huerta's second issue is overruled.

Issues Three and Four-Legal and Factual Sufficiency

 In his third and fourth issues, Huerta complains the evidence was legally and factually
insufficient to support his conviction for murder. Huerta complains only one witness,
George Garcia, testified he actually saw Huerta stab the victim. Further, Huerta argues
Garcia's testimony was not reliable because Garcia admitted he lied to police officers when
he was questioned about the stabbing.

 In reviewing legal sufficiency of the evidence, the evidence is viewed in the light most
favorable to the judgment. See Flournoy v. State, 668 S.W.2d 380, 383 (Tex. Crim. App.
1984). The critical inquiry is whether, after viewing the entire body of evidence in the light
most favorable to the judgment, any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307,
319 (1979). The standard of review is the same for both direct and circumstantial evidence.
See Geesa v. State, 820 S.W.2d 154, 162 (Tex. Crim. App. 1991).

 When reviewing the factual sufficiency of the evidence, we examine all the evidence,
without deference to the prosecution, and set aside the verdict only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. See Clewis v. State,
922 S.W.2d 126, 129 (Tex. Crim. App. 1996). We review the fact finder's weighing of the
evidence without substituting our judgment for that of the jury. See id. If we disagree with
the fact finder's determination and conclude the verdict is so against the great weight of the
evidence presented at trial as to be clearly wrong and unjust, we must vacate the conviction
and remand the cause for a new trial. See id.

 Initially, Huerta complains the jury should not have believed the State's witness,
George Garcia, when he said he saw Huerta stab the victim. However, the theory of the case
presented by Huerta was not that he did not stab the victim, but that he did so in self defense.
Therefore, Huerta's contention on appeal that Garcia lied when he saw Huerta stab the victim
is misplaced. 

 Huerta's complaint can also be construed as an argument that he was not the
aggressor, that he attempted to retreat from the confrontation, and that he was in fear for his
life because he was fighting with a larger man. However, a factual dispute over whether an
actor was justified under a self-defense theory is generally for the jury to resolve. See
Puckett v. State, 640 S.W.2d 284, 287 (Tex. Crim. App. 1982). Several witnesses testified
at Huerta's trial. All of the witnesses testified there was a fight between Huerta and the
victim. Huerta and the victim had been arguing off and on all afternoon. It was clear Huerta
initiated the physical confrontation that ended in the stabbing death of the victim by throwing
a beer can at the victim's face. There was conflicting testimony regarding whether Huerta
attempted to flee, and whether the victim was overpowering him. There was enough
evidence for the jury to find Huerta committed the crime as charged. It is not within the
province of this court to substitute its judgment for that of the jury. We overrule Huerta's
third and fourth issues.


Conclusion

 We overrule Huerta's issues and affirm the judgment of the trial court.



 PAUL W. GREEN,

 JUSTICE


DO NOT PUBLISH
1. See Tex. Penal Code § 19.02.
2. The record does not reflect whether the defendant testified in his own behalf, or whether the outburst
contradicted the defense evidence.