No. 04-01-00525-CR



Michael James REICHENAU,


Appellant



v.



The STATE of Texas,


Appellee



From the 216th Judicial District Court, Kerr County, Texas


Trial Court No. A99-118


Honorable Stephen B. Ables, Judge Presiding



Memorandum Opinion 


Opinion by: Sandee Bryan Marion, Justice


Sitting: Phil Hardberger, Chief Justice

 Alma L. López, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: September 11, 2002


AFFIRMED 

 Defendant Michael James Reichenau was convicted of capital murder and sentenced to life
imprisonment. In several issues on appeal, defendant argues that: (1) the trial court erred when it
conducted the jury shuffle; (2) the trial court abused its discretion when it admitted into evidence
several graphic photographs and two hearsay statements; and (3) the trial court erred when it
permitted a witness to testify about extraneous offenses that defendant allegedly committed. Finally,
defendant insists that if the complained of evidence is properly excluded, the remaining admissible
evidence is legally and factually insufficient to support his conviction. Because the issues in this
appeal involve the application of well-settled principles of law, we affirm the conviction in this
memorandum opinion under Texas Rule of Appellate Procedure 47.1 for the following reasons:

 1. In his first issue, defendant argues that the trial court's methodology of conducting the jury
shuffle was inconsistent with the procedure mandated by Texas Code of Criminal Procedure article
35.11. However, it is well-settled that to preserve error for appeal, trial counsel must timely object
and point out the specific grounds for his objection, even if the claimed error is "incurable" or
"constitutional." See Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996); Boulware v.
State, 542 S.W.2d 677, 682 (Tex. Crim. App. 1976). In this instance, defendant failed to lodge an
objection during the jury shuffle and apprise the trial court of his complaint; therefore, his complaint
was waived. Tex. R. App. P. 33.1. We overrule defendant's first issue.

 2. In his second and third issues, defendant contends the trial court erred when it admitted
certain "bloody and gruesome" photographs because their prejudicial effect was outweighed by any
possible probative value. Defendant also argues that even if the trial court did not err in admitting
each photograph, the cumulative effect of the graphic pictures was more prejudicial than probative.
When determining whether the trial court erred in admitting relevant photographs into evidence, our
review is limited to determining whether the probative value of the photos is substantially outweighed
by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by considerations of
undue delay, or needless presentation of cumulative evidence. Tex. R. Evid. 403; Jones v. State,
944 S.W.2d 642, 651 (Tex. Crim. App. 1996). The trial court's decision is reviewed under an
abuse of discretion standard and is disturbed on appeal only when its decision falls outside the zone
of reasonable disagreement.

 The record reveals that each time defendant objected to the State's offer of a photograph, the
trial court heard arguments from both the State and defendant, conducted the requisite balancing test
under Rule 403, and ruled that the photographs were admissible. In addition, the authenticating
witnesses, as well as other witnesses, testified to and described the scenes depicted in the photographs
in detail. Generally, a photograph is admissible if verbal testimony as to matters depicted in the
photographs is also admissible. Williams v. State, 958 S.W.2d 186, 195 (Tex. Crim. App. 1997).
Also, the photographs established the manner and means of the victim's death and the force used.
We hold that the trial court did not abuse its discretion by admitting the photographs, and we overrule
defendant's second and third issues.

 3. Defendant argues that the trial court erred in allowing April Lynn and Deputy Jeffrey
McCoy to testify to hearsay statements in violation of Texas Rule of Evidence 803 and in violation
of his constitutional rights of confrontation. After reviewing these statements, we hold that they were
excited utterances and properly admissible under Rule 803(2). See Tex. R. Evid. 803(2); King v.
State, 953 S.W.2d 266, 269 (Tex. Crim. App. 1997); Lawton v. State, 913 S.W.2d 542, 553 (Tex.
Crim. App. 1995). Defendant's fourth issue is overruled. 

 4. Defendant asserts the trial court erred in permitting a witness to testify about prior crimes
or bad acts without first holding a hearing outside the presence of the jury to assess whether the State
had first proven those acts beyond a reasonable doubt. It is well-established that a trial court's
admission of extraneous offense evidence is reviewed under an abuse of discretion standard. Mitchell
v. State, 931 S.W.2d 950, 953 (Tex. Crim. App. 1996). The defendant called Christi Reichenau
during his case in chief, but on cross-examination by the State, she testified that defendant had
assaulted her during their marriage. The defendant objected to this testimony and the trial court held
a hearing outside the jury's presence. Defendant asked the court to determine whether the State had
proven these extraneous offenses beyond a reasonable doubt. However, the court ruled that because
defendant had asked similar questions of Reichenau during direct examination, he had already
"opened the door," and the State was entitled to cross-examine her on those issues. Furthermore,
the trial court properly charged the jury that it could only consider the extraneous offenses or prior
bad acts if they were proven beyond a reasonable doubt. Id. at 954. Accordingly, we hold that no
abuse of discretion occurred, and we overrule defendant's fifth issue.

 5. Finally, defendant insists that if all the wrongfully admitted evidence is properly excluded,
there is legally and factually insufficient evidence to support his conviction. We review the sufficiency
of the evidence under the traditional standards of review. See Jackson v. Virginia, 443 U.S. 307, 319
(1979) (legal sufficiency); Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999) (same);
Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997) (factual sufficiency); Clewis v. State,
922 S.W.2d 126, 129 (Tex. Crim. App. 1996) (same). The standard of review is the same in both
direct and circumstantial evidence cases. Kutzner v. State, 994 S.W.2d 180, 184 (Tex. Crim. App.
1999). After a review of the record, we hold that there is legally and factually sufficient evidence to
support the jury's verdict. Accordingly, we overrule defendant's sixth issue. 

 Based on the foregoing reasons, we affirm the trial court's judgment.


 Sandee Bryan Marion, Justice

DO NOT PUBLISH