Willie Ray MITCHELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 0300–95.

Court of Criminal Appeals of Texas,
En Banc.

Oct. 2, 1996.

Dan Parchman, Mount Vernon, for appellant.

Amy M. Smith, Assistant District Attorney, Sulphur Springs, Matthew Paul, State's Attorney, Austin, for State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

OVERSTREET, Judge.

Appellant was charged by indictment with the offense of delivery of cocaine of less than twenty-eight grams pursuant to V.T.C.A. Health & Safety, § 481.112(a), alleged to have been committed on or about February 20, 1992, in Franklin County. In January of 1994, appellant pled guilty, in a trial by jury, to a charge of delivery of cocaine of less than twenty-eight grams and was sentenced to seventy-seven years imprisonment. The

Sixth Court of Appeals affirmed the conviction. *Mitchell v. State*, 892 S.W.2d 213 (Tex. App.—Texarkana 1995). Appellant's Petition for Discretionary Review was granted.[1]

## I. STATEMENT OF PERTINENT FACTS

During the punishment phase of appellant's trial, the State offered evidence of four extraneous offenses. Outside the presence of the jury, the trial court determined that the extraneous offenses were relevant, that the State had proved them beyond a reasonable doubt, and therefore ruled them admissible. The extraneous offenses were then presented to the jury by the State. Appellant subsequently requested that the trial court include the following instructions in the jury charge:

(1) instruction on the burden of proof of extraneous offenses required by § 37.07, Annotated Code of Criminal Procedure (Vernon's 1994) (hereinafter V.A.C.C.P.), which requires that the State prove the extraneous offenses beyond a reasonable doubt;

(2) a definition of reasonable doubt; and

(3) a limiting instruction regarding any extraneous offense, instructing the jury that if it believes those offenses have been proven beyond a reasonable doubt, they are not to be used in setting the punishment of this defendant, but rather to determine the proper punishment in this particular case alone.

The trial court denied the entirety of appellant's request for additions to the jury charge, basing its holding on the theory that Art. 37.07, V.A.C.C.P., goes to the admissibility of the evidence, and not to the weight given the evidence by the jury. Appellant made a timely objection to the trial court's denial of his request, and error was preserved for appeal.

1. Appellant's Ground for Review asks:
   Did the Court of Appeals err in holding that the trial judge determines whether or not the

## II. COURT OF APPEALS' DECISION

The court of appeals held that Art. 37.07, § 3(a), V.A.C.C.P., does not require that the State prove that appellant was convicted of or charged with the extraneous offenses in order to present it to the jury, nor does the statute require that the "[e]vidence conform to the rules governing the admissibility of extraneous offenses or character evidence at the guilt/innocence phase." *Mitchell v. State*, 892 S.W.2d at 214. Further, the court of appeals held that the "[r]equirement of proof beyond a reasonable doubt is a preliminary requirement for the admissibility of the evidence of extraneous offenses rather than a part of the State's case and that it is the judge rather than the jury who should make that determination at the punishment stage of the trial." *Id.* at 215.

## III. APPELLANT'S CONTENTIONS

In his Petition for Discretionary Review, appellant contends that this Court has yet to decide whether Art. 37.07, § 3, V.A.C.C.P., as amended by the Legislature in 1993, applies similarly in both guilt/innocence and punishment when offering evidence of extraneous offenses. Appellant cites the following language in Art. 37.07, § 3(a) as pertinent to the instant issue:

[E]vidence may be offered by the [S]tate and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, **any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence** to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged

State has proven beyond a reasonable doubt extraneous offense evidence offered at punishment rather than the jury[?]

with or finally convicted of the crime or act. (Emphasis added).[2]

Appellant contends that Art. 37.07, § 3, V.A.C.C.P., applies the same burden of proof standard for extraneous offenses in both the guilt/innocence and punishment phases of a trial when a defendant requests that an instruction on the issue be given to the jury. Appellant argues that on prior occasions this Court has demonstrated the importance of the use of instructions when offering evidence of extraneous offenses. In *George v. State,* 890 S.W.2d 73 (Tex.Crim.App.1994), this Court determined that an instruction about the use of extraneous offenses applies during the guilt/innocence phase of non-capital cases. Furthermore, appellant argues that the court of appeals' dissenting opinion below is dispositive, and not giving an instruction on the burden of proof required of the State when offering the evidence in effect allows the trial court to act as the "exclusive finder of fact." *Mitchell v. State,* 892 S.W.2d at 216 (Grant, J., dissenting).

## IV. STATE'S CONTENTIONS

The State has not filed a response to appellant's petition, nor a reply brief to appellant's brief after discretionary review was granted. Before the court of appeals the State argued that the legislative intent of Art. 37.07, § 3 is in favor of the trial court determining the admissibility of evidence of extraneous offenses, as well as determining the weight to be given the evidence by the jury. The State asserted that the Legislature had the opportunity to adopt a definitive policy on the treatment of extraneous offenses during the punishment phase when it added extraneous offenses to the previously enumerated list of offenses that could be brought forth during the punishment phase of a trial. *See Grunsfeld v. State,* 843 S.W.2d 521 (Tex.Crim.App.1992).

Furthermore, the State contended that the admissibility of extraneous offenses should be viewed in the standard context of Tex. R.Crim.Evid. 404, as applied in the two-prong test set forth in *Robinson,* where the Court held that (1) an extraneous offense must be relevant to a material issue in the case other than the defendant's character, and (2) the probative value of the evidence must outweigh its prejudicial effect. *See Robinson v. State,* 701 S.W.2d 895 (Tex.Crim. App.1986). The State contended that the issue complained of is a preliminary question, and has to be determined before the evidence is put before the jury, and the trial court has been vested with that responsibility. Furthermore, the State asserted that the court must also apply "common-sense" rules developed in *Ford,* where the Court determined that the State must prove beyond a reasonable doubt that the defendant is one in the same person who committed the extraneous act, and there was a distinguishable characteristic or circumstance that is common to the extraneous offense and the current crime. *Ford v. State,* 484 S.W.2d 727 (Tex. Crim.App.1972). Thus, the State contended that inherent in admissibility is confirmation of the fact that the defendant committed the act; therefore, there is no need for the State to have to prove the evidence a second time. Moreover, the State also asserted that a limiting instruction concerning the use of extraneous offenses during the punishment phase of a trial is unnecessary because the guilt of the person has already been ascertained, and there is no likelihood that the jury could use the extraneous offense evidence to prejudice itself against appellant.

## V. ANALYSIS

Under Art. 37.07, § 3(a), the Texas Legislature determined that evidence as to any matter may be offered during the punishment phase of a trial if the trial court deems it relevant to sentencing. Also, the Legislature has determined that evidence of extraneous crimes or bad acts are admissible subject to certain conditions being met. Specifically:

> [E]vidence may be offered by the [S]tate and the defendant as to any matter the

---

**2.** Act of May 29, 1989, 71st Leg., ch. 785, § 4.04, 1989 Tex. Gen. Laws 3492, *amended* by Act of May 29, 1993, 73rd Leg., ch. 900, § 5.05, 1993 Tex. Gen. Laws 3759.

court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, any other **evidence of an extraneous crime or bad act** that is **shown beyond a reasonable doubt** by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

Article 37.07, § 3(a), V.A.C.C.P. (Emphasis added) We believe that the emphasized portions of the statute are at the crux of the instant issue. A thorough review of the highlighted areas of the statute tells the reader what may be offered, by whom it may be offered, to whom the evidence may be offered, and the standard of proof required in proving that evidence; however, the statute offers no guidance to the reader on whether or not the jury as the sentencing body has a role in evaluating the use of the extraneous offenses offered during the punishment phase of a trial.

■ We agree with the court of appeals in the instant case when it noted that the statute "is silent as to who decides whether the State has met its burden[,]" i.e. whether or not the jury rather than the trial court determines the weight to be given to the admitted evidence. *Mitchell v. State,* 892 S.W.2d at 215. However, we do not find the Legislature's silence in this statute to be dispositive, and in light of the jurisprudence of this Court, we find that the jury is the "ultimate finder of fact," even in those instances where the statute may not explicitly state that fact.

■ While we do not agree that the trial court, during the punishment phase of jury trials, has manifested itself in a way as to be considered the finder of law and fact, this Court does stand firm to its holdings which support the trial court as the exclusive judge

on matters of law when making a judgment on the threshold admissibility test. A trial court's actions as to the admissibility of extraneous offense evidence is reviewed under an abuse of discretion standard. *Saenz v. State,* 843 S.W.2d 24, 26 (Tex.Cr.App.1992). However, this Court has not extended the purview of the trial court beyond the boundaries of determining matters of law to that of deciding questions of fact in jury trials. Correspondingly, the Legislature has acted in tandem with this Court by stating, in Article 36.13, V.A.C.C.P., that "[t]he jury is the exclusive judge of the facts. . . ." Art. 36.13 adds that the jury, while "the exclusive judge of the facts[,]" is bound to "receive the law from the court and be governed thereby." Consequently, we find that the trial court is deemed the authority on the threshold issue of admissibility of relevant evidence during the punishment phase of a trial, while the jury, as the "exclusive judge of the facts," i.e. finder of fact, determines whether or not the burden of proof for those offenses presented has been satisfied by the party offering the evidence.

Although this Court and the Legislature have consistently put forth the same general standards for the roles of the trial court and the jury, respectively, the courts of appeals have expressed divergent views on how to handle the distribution of duties between the trial court and the jury when offering evidence of extraneous offenses during the punishment phase of a trial. Two courts of appeals have addressed the issue on point— the instant case and *Escovedo v. State,* 902 S.W.2d 109 (Tex.App.—Houston [1st Dist.] 1995, pet. filed).

In *Escovedo,* the State offered evidence of an extraneous offense committed by the defendant. The defendant objected to the jury charge and requested that the jury be instructed not to consider the offense unless it believed that the State had proven the offense beyond a reasonable doubt. The trial court overruled the objection and denied the requested instruction. *Escovedo v. State,* 902 S.W.2d at 112. The majority in *Escovedo* affirmed the judgment of the trial court,

but in its holding found that the jury, not the trial court, determines whether or not the State has satisfied its burden of proving the extraneous offenses, and should be so instructed. *Escovedo v. State,* 902 S.W.2d at 114.

The majority in *Escovedo* as well as the dissent in *Mitchell* found that this Court has determined that the relationship between instructions and extraneous offenses have longstanding precedent. *Escovedo v. State,* 902 S.W.2d at 114; *Mitchell v. State,* 892 S.W.2d at 216.

■ The link between extraneous offenses and the use of instructions during the guilt/innocence phase of a trial has been thoroughly examined by this Court. In *Harrell v. State,* 884 S.W.2d 154, 159–60 (Tex.Crim. App.1994), we held that the standard of admissibility for extraneous offense evidence is beyond a reasonable doubt. Furthermore, as noted previously, in *George, supra,* we found that if a defendant, during the guilt/innocence phase, asks for an instruction to the jury on the standard of proof required for admitting extraneous offenses, the defendant is entitled to that instruction. *George v. State,* 890 S.W.2d at 76. While we determined that instructions on the use of extraneous offenses given during guilt/innocence are vital to a fair administration of justice, we declined at that time to comment on the use of extraneous offenses in the punishment phase of trial. Although not explicitly stated, we find that the use of extraneous offenses during the punishment phase should be analogous to that of the guilt/innocence phase of a trial regarding burden of proof. The use of evidence of extraneous offenses during the guilt/innocence phase is used to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." During the punishment phase, evidence of an extraneous offense is offered to assist the trial court or the jury in determining punishment. When evidence of extraneous offenses has been offered, regardless of the respective phase of a trial, the law requires that it be proved beyond a reasonable doubt that the defendant committed the said extraneous offenses, or is at least criminally responsible for its commission. *See Harrell v. State, supra.*

■ This Court agrees with the court of appeals in its holding only to the extent that the trial judge has the responsibility of determining the threshold admissibility of extraneous offenses in the punishment phase; however, we do not find that the role of the jury has been supplanted by the trial court in determining whether or not the State has proven the extraneous offenses beyond a reasonable doubt. Further, we recognize the line of reasoning offered in Justice Grant's dissenting opinion to *Mitchell* to be meritorious, and follow somewhat in that same vein. Therefore, we conclude that, during the punishment stage of a trial, the jury as "the exclusive judge of the facts" is to determine whether or not the State has proved the extraneous offenses beyond a reasonable doubt and should be so instructed when requested. Thus the trial court erred in refusing to so instruct the jury when appellant requested such an instruction.

## VI. CONCLUSION

We find that the court of appeals erred in holding that during the punishment phase, the trial court determines whether or not the State has proved extraneous offenses beyond a reasonable doubt rather than the jury. Accordingly, we reverse the judgment of the court of appeals and remand this cause to the court of appeals to conduct a harm analysis of the trial court's action of denying appellant's requested instruction on proof of the extraneous offenses beyond a reasonable doubt. *See, e.g., Almanza v. State,* 686 S.W.2d 157 (Tex.Cr.App.1985)(op. on reh'g) and *Arline v. State,* 721 S.W.2d 348 (Tex.Cr. App.1986).

WHITE, J., not participating.

CLINTON, Judge, concurring.

I join the judgment of the Court in this cause, but not its opinion. As I understand

it, the plurality opinion holds that the trial judge must make a threshold determination that the defendant has been shown beyond a reasonable doubt to have perpetrated an extraneous offense before he can admit it into evidence at the punishment phase of a noncapital trial, and then he must instruct the jury that it must also find the defendant committed the extraneous offense to that level of confidence before it can consider it. Plurality, Op. at 954. I prefer instead Judge Meyers' view that "the trial judge in the instant cause should not have treated the question of appellant's culpability for the extraneous offense sought to be proven at his trial as a preliminary question of fact affecting admissibility under [Tex.R.Cr.Evid.,] Rule 104(a)." Meyers, J., concurring, Op. at ——. Unless the proffering party presents no evidence from which a rational jury could find the defendant committed the extraneous offense, the trial court should simply admit it and instruct the jurors only to consider it if they find beyond a reasonable doubt that the defendant committed it. This view is generally in keeping with the Court's treatment of extraneous offense evidence at the guilt phase of trial. *Harrell v. State,* 884 S.W.2d 154 (Tex.Cr.App.1994); *George v. State,* 890 S.W.2d 73 (Tex.Cr.App.1994).

Judge McCormick invokes language from my separate opinions in *Harrell* and *George* to complain of the Court's holding in this case. But I did not take issue with the Court's conclusions in *Harrell* and *George* so much as its methodology. In *Harrell* the Court found that the trial court must determine that a rational jury must be able to find the defendant committed the extraneous offense beyond a reasonable doubt before admitting it. The Court took pains to emphasize, however, that the trial judge need not

*himself* believe beyond a reasonable doubt that the defendant committed the extraneous offense before evidence of that offense becomes admissible.* To the extent the plurality opinion today might be read to require the trial judge to satisfy *himself* beyond a reasonable doubt the defendant committed the extraneous offense before admitting evidence of it at the punishment phase of trial, I cannot join that opinion. Because Judge Meyers' concurring opinion seems to me more clearly consistent with the holdings of *Harrell* and *George,* I join it instead.

MEYERS, Judge, concurring.

It is widely accepted that extraneous-offense evidence is not relevant unless, among other things, the defendant is shown to have been criminally responsible for the offenses proven. *Huddleston v. United States,* 485 U.S. 681, 689, 108 S.Ct. 1496, 1501, 99 L.Ed.2d 771 (1988); *United States v. Beechum,* 582 F.2d 898, 912–13 (5th Cir.1978); *Wyle v. State,* 777 S.W.2d 709, 715 (Tex. Crim.App.1989). Although I have some doubt about the truth of this proposition generally, I do not doubt that it is actually true in most contexts or that it was true of the extraneous offenses with which we are concerned in the instant cause. Indeed, it is my understanding that the Texas Legislature has authorized receipt of extraneous-offense evidence at the penalty phase of trial only if "the court deems [it] relevant to sentencing" and it "is shown beyond reasonable doubt by evidence to have been committed by the defendant" or that he was "criminally responsible" for it. Tex.Code Crim Proc. art. 37.07 § 3(a). I therefore accept that the evidence of extraneous crimes introduced by the State in the instant cause would not be "relevant to sentencing" if the appellant did not actually

---

* For my part, I opined in *Harrell* that the trial court need not even be required to find that the jury could find to a level of confidence beyond a reasonable doubt that the defendant committed the extraneous offense before admitting it. In my view it was sufficient that the record supplied "clear proof" the defendant committed it, without reference to any particular level of confidence. See 884 S.W.2d at 165–66. In the punishment context, of course, the statute itself requires proof beyond a reasonable doubt. Article 37.07, § 3(a), V.A.C.C.P. For this reason I have no grave objection to a requirement that the trial court find that the jury must be able to find to that level of confidence that the defendant committed the extraneous offense before admitting it. And I certainly do not object to the conclusion that the jury must ultimately resolve the issue, upon proper instructions. See *George,* supra at 77–78 (Clinton, J., concurring).

participate criminally in the commission of those crimes.

The question presented on discretionary review is whether the defendant's culpability for such extraneous offenses was, under article 37.07, section 3(a) of the Code of Criminal Procedure, a necessary condition to admissibility of the evidence or merely a condition of its relevancy. If it was the former, then it was a preliminary question of fact to be decided by the trial judge before admitting the evidence. Tex.R.Crim. Evid. 104(a). If it was the latter, then it was a question of conditional relevancy which the judge had to submit for decision by the jury unless it was clear that the condition would not be proven at trial. Tex.R.Crim. Evid. 104(b). *See generally* 1 Steven Goode et al., *Texas Practice, Guide to the Texas Rules of Evidence: Civil and Criminal* §§ 104.1, 104.2 (1993).

Although awkwardly drafted, it is clear to me from the plain language of section 3(a) that the Legislature meant to express a rule of relevancy only. The enumeration in that statute of evidence which might lawfully be "offered" by either litigant, including proof of other crimes and bad acts committed by the defendant, purports on its face only to be a nonexhaustive list of items considered "relevant to sentencing" by the Legislature. Accordingly, the condition that extraneous misconduct sought to be proven at the penalty phase of trial must be "shown beyond a reasonable doubt by evidence to have been committed by the defendant" is merely a legislative expression of the widely-accepted belief that extraneous-offense evidence is not relevant otherwise. It does not identify any preliminary questions of fact to be resolved by the trial judge under Rule 104(a) as a condition of admissibility. It merely affirms that, even during the penalty phase of a criminal trial, the relevance of extraneous-offense evidence "depends upon the fulfillment of a condition of fact" within the meaning of Rule 104(b).

Thus, in my opinion, this case does not differ significantly from, and is controlled by, our recent decisions in *Harrell v. State,* 884 S.W.2d 154 (Tex.Crim.App.1994) and *George v. State,* 890 S.W.2d 73 (Tex.Crim.App.1994). In *Harrell,* discussing the admissibility of extraneous-offense evidence at the guilt phase of trial, we acknowledged that proof of a defendant's culpability for an extraneous crime is not a preliminary question of fact to be resolved by the trial judge under Rule 104(a), but is a condition of relevancy to be resolved by the jury under Rule 104(b). 884 S.W.2d at 159–60, relying on *Huddleston,* 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771. Although we discerned a different standard associated with proof of conditional facts under Texas law than the United States Supreme Court did under federal law, we otherwise characterized the issue presented as being the same. *Harrell* thus stands for the proposition that Rule 104(b) of the Texas Rules of Criminal Evidence, like Rule 104(b) of the Federal Rules of Evidence, assigns questions of conditional relevancy to the jury so long as there is some evidence from which a rational juror could conclude that the condition has been fulfilled.

In *George* we reaffirmed the long-standing rule established by decisional law in Texas that, since the relevancy of extraneous-offense evidence depends upon the defendant's criminal responsibility for the offense, admission of such evidence should be accompanied by an instruction from the trial judge that jurors not consider the evidence unless convinced beyond reasonable doubt of the defendant's culpability for it. Since it is clear from article 37.07, section 3(a) that the same conditions of relevancy apply to extraneous-offense evidence offered at the punishment phase of trial as at the guilt phase, it follows that the rule requiring jurors to be informed of those conditions must also apply equally at both phases of trial.

Accordingly, it is my opinion that the trial judge in the instant cause should not have treated the question of appellant's culpability for the extraneous offenses sought to be proven at his trial as a preliminary question of fact affecting admissibility under Rule 104(a). Rather, he should have admitted the evidence under Rule 104(b) upon condition

that proof be adduced by the State sufficient to convince a rational juror beyond reasonable doubt that appellant was actually responsible for the extraneous offenses proven. And, under our extensive case law, culminating in *George,* he should also have instructed jurors of the conditions under which such evidence could be considered by them as relevant to sentencing.

For these reasons, I concur in the Court's judgment to reverse the decision of the Texarkana Court of Appeals and to remand this cause for consideration of the harm arising from the trial court's failure properly to instruct the jury as requested by appellant.

MALONEY, Judge, joins.

McCORMICK, Presiding Judge, dissenting.

I respectfully dissent. This Court's recent decisions in *George v. State* and *Harrell v. State* seem to compel the majority's holding in this case. See *George v. State,* 890 S.W.2d 73 (Tex.Cr.App.1994); *Harrell v. State,* 884 S.W.2d 154 (Tex.Cr.App.1994). However, I dissent in this case because the State was not accorded fair procedures in either *George* or *Harrell.* See *George,* 890 S.W.2d at 76–77 (Clinton, J., concurring in the result); *Harrell,* 884 S.W.2d at 161–66 (Clinton, J., concurring in the result).

As Judge Clinton pointed out in his concurring opinion in *George v. State,* which I joined, the State has been blind-sided by this Court on "the question of the appropriate jury instruction in tandem with the question of the proper standard for admissibility." *George,* 890 S.W.2d at 76–77 (Clinton, J., concurring in the result); see also *Harrell,* 884 S.W.2d at 161–66 (Clinton, J., concurring in the result). Had something like this happened to a criminal defendant, some people would be screaming "violation of due process." But, quite incredibly this Court has decided law-abiding citizens, through their district attorneys, are not entitled to insist upon "fair" procedures.

As to the merits, the majority continues to show confusion "between the admissibility cases and the jury charge cases." See *Harrell,* 884 S.W.2d at 166 (Clinton, J., concurring). I would apply the "plain" language of Article 37.07, Section 3(a), V.A.C.C.P., and hold that once the trial court has determined the extraneous offense "is shown beyond a reasonable doubt" the defendant is not entitled to a jury instruction that the jury also must find the extraneous offense to that level of confidence. The trial court should determine whether the extraneous offense "is shown beyond a reasonable doubt" with its ruling reviewed on appeal under an abuse of discretion standard.

I respectfully dissent.

MANSFIELD and KELLER, JJ., join this dissent.