NO. 12-02-00064-CR



IN THE COURT OF APPEALS
 

 

TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


THELBERT OWENS,
§
 APPEAL FROM THE 145TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 NACOGDOCHES COUNTY, TEXAS

 

OPINION


 Thelbert Owens ("Appellant") was convicted on two counts of indecency with a child and
was sentenced to twenty years of imprisonment on each count, with the sentences to run
consecutively. On appeal, Appellant contends that the trial court erred in admitting evidence of
extraneous offenses because he was not afforded proper notice of the offenses by the State. We
affirm.


Background

 On December 1, 2000, Appellant was indicted on two counts of indecency with a child and 
subsequently pleaded "not guilty" to those charges. On August 13, 2001, Appellant filed a motion
asking the trial court to order the State to give him notice of any "extraneous offenses or evidence
of other crimes which it reasonably anticipates it may seek to introduce into [the] trial of this cause"
and asked for a continuance if he was not given adequate notice in time to effectively prepare to
defend the allegations. On August 14, Appellant, by letter to the District Attorney, made a request
under rule 404(b) of the Texas Rules of Evidence and section 3 of article 37.07 of the Texas Code
of Criminal Procedure for

 the date or dates, time or times, and location or locations of any extraneous crime or crimes or bad acts
alleged to have been committed by the defendant. This request is not limited to, but includes, prior
criminal convictions (felony or misdemeanor) but specifically includes extraneous crime or crimes or
bad acts known to the State at any time prior to the final disposition or judgment in the cause or
causes. Further . . . we hereby make a formal request for any and all extraneous crimes (including
prior convictions) that the State intends to introduce at the punishment phase if a verdict of guilty is
had in this cause.

 This request is timely submitted to you in accordance with the law and you are requested to
respond in writing and it is the intent and purpose that this will serve notice that this is a continuing
request. 



 Jury selection for Appellant's trial began on Monday, January 28, 2002. That same day, the
State filed a "Second Motion to Compel the Taking of Testimony of a Child Witness Outside the
Presence of the Defendant," thereby notifying Appellant that it sought to take the testimony of T.M.,
a male child that was unnamed in the State's witness list filed on January 22. That same day, the
State sent Appellant's counsel a letter informing him that potential witnesses had been discovered
and that "additional evidence pertaining to Texas Code of Criminal Procedure 37.07 (1), and Texas
Rules [sic] of Criminal Evidence 404(b) (2) and Rule 609 has come to light." The letter further
informed Appellant's counsel that 1) the extraneous offense was "making sexually oriented
photographs of a minor," 2) T.M. was the victim of that offense, 3) the offense occurred on or about
June 15, 2000, and 4) the offense occurred in Nacogdoches County. 

 On Tuesday, January 29, the trial court heard arguments on Appellant's oral motion to
exclude T.M.'s testimony and two photographs of T.M. One of the photographs depicts T.M. sitting
on a couch wearing a white lace dress, black panties, white socks and high-heeled shoes, with an
older male individual crouched next to him with his hand on top of T.M.'s genital area. The other
photograph shows T.M. completely naked. 

 At the hearing, the State informed the trial court that the photographs of T.M. were not
discovered until late Thursday, January 24. The State further informed the court that 1) at lunch on
Friday, January 25, the State told Appellant's counsel that the pictures existed and that the State had
not yet contacted T.M. but was attempting to do so, 2) before the end of the business day on Friday,
the State notified Appellant's counsel that it had contacted T.M. and that T.M.'s testimony would
be that Appellant was the person who took the two photographs, 3) on the morning of Saturday,
January 26, Appellant's counsel met with the State and viewed the photographs and other evidence,
and 4) the two parties then agreed that the State would file its official notice to take T.M.'s testimony
on Monday morning before jury selection. 

 Appellant's counsel agreed with the factual assertions made by the State with regard to when
he received notice of the extraneous offenses; however, he refused to stipulate that Appellant was
the person who took the photographs in question. Appellant's counsel also objected to the testimony
of T.M. and the photographs under Texas Rule of Evidence 404(b) and section 3(g) of article 37.07
of the Texas Code of Criminal Procedure, arguing that the State did not provide Appellant
reasonable notice that it intended to introduce the photographs into evidence. Counsel for Appellant
also argued that he needed an investigator to help him prepare an effective defense against the
photographs because the photographs could yield fingerprints or other exculpatory evidence. The
trial court overruled Appellant's motion to exclude T.M.'s testimony and the accompanying
evidence; however, it appointed an investigator to aid Appellant in investigating the photographs. 
 Later that same day, T.M. testified outside the presence of the jury. When shown the two
pictures, T.M. testified that one of the pictures was of him and another person, and the other picture
was of him wearing "nothing." He also stated that Appellant, also known as "T.A.," was the person
who operated the camera that captured those images and that "T.A." told him "not to tell anybody"
about the pictures. 

 After T.M. and another child testified, Appellant orally moved for a continuance in order to
conduct a thorough investigation and defend the allegation that Appellant took the photographs of
T.M.. The State argued against the motion, stating that it would only introduce the pictures and
T.M.'s testimony in the punishment phase of the trial if Appellant was found guilty and that
Appellant could question any of the State's witnesses about the pictures during the guilt/innocence
phase of the trial, if he wanted to do so. The trial court overruled Appellant's motion for a
continuance but allowed Appellant to re-urge the motion at the beginning of the punishment phase
if Appellant was found guilty. 

 On Wednesday, January 30, the State took testimony from two other children outside the
presence of the jury and presented its case-in-chief to the jury on Thursday, January 31, and Friday,
February 1. On Monday, February 4, both sides rested and made closing arguments. Later that
morning, the jury returned from deliberations and found Appellant guilty on both counts of
indecency with a child. Before the punishment phase of the trial began, Appellant filed a motion for
continuance, arguing that he needed more time to conduct an investigation into the circumstances
surrounding T.M.'s testimony and the two photographs. The State argued that Appellant "had more
than enough time to prepare for this case" because it had been "10 or 11 days since he's even been
aware that those photographs existed." The trial court overruled Appellant's motion for a
continuance and allowed the case to proceed to the punishment phase. Before any of T.M.'s
testimony or the pictures were introduced into evidence, Appellant renewed his motion to exclude
such evidence, and the trial court summarily denied the motion. 

 After the punishment phase ended, the jury sentenced Appellant to twenty years of
imprisonment on each count and imposed a $7,500.00 fine for each conviction. The State then
moved to cumulate Appellant's sentences, and the trial court ordered that Appellant serve the two
twenty-year sentences consecutively. 

 On appeal, Appellant contends that a new trial must be granted as to the punishment he
received because the trial court erred in admitting T.M.'s testimony and the accompanying
photographs. 


Notice of Extraneous Offenses

 After a timely request by the defendant, the State must provide "reasonable notice . . . in
advance of trial" of its intent to introduce extraneous conduct evidence. Tex. Code Crim. Proc.
Ann. art. 37.07, § 3(g) (Vernon 2003); Tex. R. Evid. 404(b). The purpose of the notice requirement
is to avoid unfair surprise and trial by ambush. Henderson v. State, 29 S.W.3d 616, 625 (Tex. App.-
Houston [1st Dist.] 2000, pet. denied). Because these rules provide only minimal details regarding
the manner in which notice is given, the reasonableness of the State's notice turns on the facts and
circumstances of each individual case. Scott v. State, 57 S.W.3d 476, 480 (Tex. App.-Waco 2001,
pet. ref'd). The trial court's decision to admit extraneous offense evidence during the punishment
phase of a trial is reviewed under an abuse of discretion standard; therefore, we will not reverse the
trial court's ruling if it was within the "zone of reasonable disagreement." Id. (citing Mitchell v.
State, 931 S.W.2d 950, 953 (Tex. Crim. App. 1996)). In the absence of reasonable notice, however,
a trial court's decision to admit evidence of an extraneous offense constitutes an abuse of discretion. 
Id. at 481. 

 After a thorough review of the record in this case, we hold that the trial court did not abuse
its discretion in allowing the State to introduce T.M.'s testimony and the accompanying photographs. 
The State gave Appellant notice of the evidence the day after it became aware that the evidence
existed. The trial court also appointed an investigator to aid Appellant in his investigation of the
pictures and T.M.'s testimony. The extraneous offense evidence was not presented to the jury until
ten days after Appellant received notice from the State that the evidence existed. During these ten
days, Appellant's investigator had the opportunity to investigate the photographs and T.M.'s
testimony. Apparently, the investigation was fruitless because Appellant did not introduce any
evidence to controvert T.M.'s testimony. 

 This is not a case where the State "laid behind the log" in order to ambush or surprise
Appellant. Notice was given immediately after the State learned about the evidence, and Appellant
had the opportunity to cross-examine T.M. about the pictures and his testimony. Other courts have
also looked at the peculiar circumstances of certain cases and have found that the State's notice was
reasonable even though the defendant received less than ten days notice. See Scott, 57 S.W.3d at
483 (notice given six days before trial was reasonable); Henderson, 29 S.W.3d at 625 (notice given
during trial but eight days before evidence introduced was reasonable ); Patton v. State, 25 S.W.2d
387, 393 (Tex. App.-Austin 2000, pet. ref'd.) (notice given one day before trial began but four days
before evidence introduced was reasonable). 

 The trial court did not abuse its discretion in admitting the extraneous offense evidence;
therefore, Appellant's issue is overruled. 

 

Denial of Motion for Continuance

 In one sub-issue, Appellant contends that the trial court erred in denying his oral and written
motions for continuance in order to investigate T.M.'s testimony and the accompanying photographs.
On January 29, 2002, before T.M. testified, Appellant urged an oral motion for continuance. 
Appellant also filed a handwritten motion for continuance after the jury returned its guilty verdict
on February 4. The trial court denied both motions. 

 Before T.M. testified on January 29, Appellant's counsel told the court that he had discovered 
1) the name of the person in the photograph with T.M., 2) a "potential third party witness to the
[taking of the] photographs," 3) that the photographs were not found in the defendant's prior
residence as the State had claimed, but were found in the residence of the person in the photograph
with T.M., and 4) that the family members of the victims listed in the indictment found the
photographs of T.M.

 When, as here, a defendant requests a continuance based on the absence of a witness, the
motion requesting the continuance must state



 The name of the witness and his residence, if known, or that his residence is not known.
 The diligence which has been used to procure his attendance; and it shall not be considered
sufficient diligence to have caused to be issued, or to have applied for, a subpoena, in cases
where the law authorized an attachment to issue.
 The facts which are expected to be proved by the witness, and it must appear to the court that
they are material.
 That the witness is not absent by the procurement or consent of the defendant.
 That the motion is not made for delay.
 That there is no reasonable expectation that attendance of the witness can be secured during
the present term of court by a postponement of the trial to some future day of said term. The
truth of the first, or any subsequent motion, as well as the merit of the ground set forth therein
and its sufficiency shall be addressed to the sound discretion of the court called to pass upon
the same, and shall not be granted as a matter of right. If a motion for continuance be
overruled, and the defendant convicted, if it appear upon the trial that the evidence of the
witness or witnesses named in the motion was of a material character, and that the facts set
forth in said motion were probably true, a new trial should be granted, and the cause
continued or postponed to a future day of the same term. 




Tex. Code Crim. Proc. Ann. art. 29.06 (Vernon 2003). The only means of preserving error in the
overruling of a motion for continuance due to the absence of a witness, or newly discovered
evidence, is by motion for new trial. Tucker v. State, 109 S.W.2d 517, 520-21 (Tex. App.-Tyler
1999, pet. ref'd). The trial court's ruling on a motion for continuance is reviewed for abuse of
discretion. Vasquez v. State, 67 S.W.3d 229, 240 (Tex. Crim. App. 2002). To establish an abuse
of discretion, the defendant must show that he was actually prejudiced by the denial of the motion. 
Id. 

 In the instant case, Appellant failed to properly preserve this sub-issue for review because
he did not file a motion for new trial. See Burns v. State, 923 S.W.2d 233, 237 (Tex. App.-Houston
[14th Dist.] 1996, pet. ref'd). Even if Appellant had filed a motion for new trial, he has not
demonstrated how he was prejudiced by the trial court's denial of the motion. On the day T.M.
testified, he had discovered information relating to the photographs of T.M. and the adult male who
was also in the photographs. T.M.'s testimony was presented to the jury ten days later; however,
Appellant did not call the adult male or any other person to testify and rebut T.M.'s testimony. 
Furthermore, T.M. did not show any diligence used in attempting to locate those persons or any other
witnesses in order to procure their testimony. Accordingly, we hold that the trial court did not abuse
its discretion in denying Appellant's motion for continuance. Appellant's sub-issue is overruled.


Conclusion

 The trial court did not abuse its discretion by admitting T.M.'s testimony or denying
Appellant's motion for continuance. Therefore, Appellant's sentence is affirmed.


 DIANE DEVASTO 

 Justice



Opinion delivered September 30, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.





(PUBLISH)
1. Section 3(g) of article 37.07 of the Texas Code of Criminal Procedure mandates that after a timely request
by the defendant, the State shall notify the defendant of its intention to introduce into evidence "any matter the trial
court deems relevant to sentencing" in the same manner required by rule 404(b) of the Texas Rules of Evidence. 
Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1), (g) (Vernon 2003). If the State intends to introduce an
extraneous crime or bad act that has not resulted in a final conviction in a court of record or a probated or suspended
sentence, notice of that intent is reasonable only if the notice includes the date on which and the county in which the
alleged crime or bad act occurred and the name of the alleged victim of the crime or bad act. Id. This notice
requirement applies only if the defendant makes a timely request to the attorney representing the State for the notice. 
Id.
2. Rule 404(b) of the Texas Rule of Evidence states that although evidence of other crimes, wrongs or acts is
not admissible to prove the character of a person to demonstrate action "in conformity therewith," it may be
admissible for other purposes, provided that upon timely request by the accused, the State gives reasonable notice in
advance of trial that it intends to introduce such evidence in the State's case-in-chief. Tex. R. Evid. 404(b).