NUMBER 13-02-392-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

DAVID JOHN LARUE,                                                        Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
___________________________________________________________________

On appeal from the 221st District Court
of Montgomery County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Rodriguez

         Appellant, David John LaRue, was tried before a jury and convicted of
aggravated sexual assault of a child. See Tex. Pen. Code Ann. § 22.021 (Vernon
2003). The trial court assessed punishment at forty-five years imprisonment in the
Institutional Division of the Texas Department of Criminal Justice. Appellant
challenges his conviction by four issues. The trial court has certified that this case “is
not a plea-bargain case, and the defendant has the right of appeal.” See Tex. R. App.
P. 25.2(a)(2). We affirm.
I. FACTS
         As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See Tex. R. App. P. 47.4.
II. EXTRANEOUS OFFENSE EVIDENCE
         By his first issue, appellant contends that it was an abuse of discretion for the
trial judge to admit extraneous offense evidence during the punishment phase of trial
because the extraneous offense was not proven beyond a reasonable doubt. We
review the trial court’s decision to admit extraneous offense evidence under an abuse
of discretion standard. See Rankin v. State, 974 S.W.2d 707, 718 (Tex. Crim. App.
1998); Hernandez v. State, 52 S.W.3d 268, 281 (Tex. App.–Corpus Christi 2001, no
pet.).
         During the punishment phase, evidence may be offered by the State as to any
matter the court deems relevant to sentencing, including evidence of an extraneous
crime or bad act that is shown beyond a reasonable doubt by evidence to have been
committed by the defendant or for which he could be held criminally responsible. Tex.
Code Crim. Proc. Ann. art. 37.07 § 3(a)(1) (Vernon Supp. 2004). The trial court is
responsible for determining the threshold admissibility of extraneous offense evidence
at the punishment phase; that is, the court must make an initial determination at the
proffer of the evidence that a jury could reasonably find beyond a reasonable doubt
that the defendant committed the extraneous offense. Moore v. State, 82 S.W.3d
399, 409 (Tex. App.–Austin 2002, pet. ref’d); see Mitchell v. State, 931 S.W.2d 950,
954 (Tex. Crim. App. 1996); see also Harrell v. State, 884 S.W.2d 154, 160 (Tex.
Crim. App. 1994).
         Before appellant’s first trial, an evidentiary hearing was held by the trial court
to determine whether evidence of an extraneous offense would be admissible in the
event there was a punishment phase. Both sides presented evidence, and the trial
court ruled that because a jury could reasonably find beyond a reasonable doubt that
the defendant committed the extraneous offense, the evidence would be admitted. 
Appellant’s first trial for aggravated sexual assault of a child ended in a mistrial when
the jury was unable to reach a unanimous verdict. Appellant was tried again for the
same offense and convicted. In accordance with the trial court’s ruling at the
evidentiary hearing from the first trial, the State was allowed to present extraneous
offense evidence during the punishment phase. Because appellant elected to have the
trial court determine punishment, the evidence was presented to the court. 
         After reviewing the record of the evidentiary hearing, we find that the trial court
did not abuse its discretion in determining that the jury could find beyond a reasonable
doubt that appellant committed the extraneous offense.


 Therefore, appellant’s first
issue is overruled.
III. MOTION FOR CONTINUANCE AND EXPERT FUNDS
         By his second issue, appellant argues that the trial court abused its discretion
in denying appellant’s motion for continuance and request for funds to hire a DNA
expert. We review the trial court’s ruling on both the motion for continuance and the
request for funds for an abuse of discretion. Griffith v. State, 983 S.W.2d 282, 287
(Tex. Crim. App. 1998); Heiselbetz v. State, 906 S.W.2d 500, 511 (Tex. Crim. App.
1995).
          Between the first and second trials, the State sent evidence, diapers recovered
from appellant’s home, to the Texas Department of Public Safety Laboratory for DNA
testing. The results of the tests were received by defense counsel three days before
the second trial began. The lab results confirmed that the substance found in the
diapers was blood, and was consistent with the victim’s DNA. Defense counsel filed
a motion for continuance and motion for funds to hire a DNA expert based on the fact
that the State had retested the evidence after the mistrial and defense counsel
received the results only days before the second trial. The trial court denied the
motions.
         A review of the trial record reveals that no evidence was introduced or admitted
regarding the DNA testing performed between the first and second trials. The only
evidence offered by the State concerning the blood found in the diapers was from
testing done before the first trial began. Because the results of the subsequent tests
were not presented to the jury and there was no testimony regarding the later DNA
testing, appellant has not demonstrated that a DNA expert was needed to provide
assistance which was likely to be a “significant factor” at trial. See Taylor v. State,
939 S.W.2d 148, 152 (Tex. Crim. App. 1996). Furthermore, appellant has not shown
that he was prejudiced by the trial court’s denial of his motion for continuance. See
Wright v. State, 28 S.W.3d 526, 532 (Tex. Crim. App. 2000). Therefore, we find the
trial court did not abuse its discretion in denying appellant’s motions. Appellant’s
second issue is overruled. 
IV. APPELLANT’S WRITTEN AND ORAL STATEMENTS
         By his third issue, appellant argues that the trial court abused its discretion in
admitting appellant’s written statement into evidence, and in admitting the testimony
of Investigator Garza and Detective Pickering regarding appellant’s oral statements
made to them. Specifically, appellant contends that his statements were given during
a custodial interrogation and therefore the investigators were required to inform him
of his Miranda rights and to comply with article 38.22 of the code of criminal
procedure in order for his statements to be admissible at trial. See Tex. Code Crim.
Proc. Ann. art. 38.22 (Vernon 1979 & Supp. 2004); Miranda v. Arizona, 384 U.S.
436 (1966). We disagree.
         A person is considered in custody if, under the circumstances, a reasonable
person would believe that his or her freedom of movement was restrained to the
degree associated with formal arrest. Stansbury v. California, 511 U.S. 318, 320-26
(1994). The initial determination of custody depends on the objective circumstances
of the interrogation, not on the subjective views of the officer or the person being
questioned. Id. at 323. In this case, there was testimony that: (1) appellant arrived
at the Montgomery County Sheriff’s Office voluntarily; (2) he was not under formal
arrest; (3) appellant voluntarily gave a written statement and spoke to investigators
afterwards; and (4) appellant chose to leave the interview and did so freely.
         In light of these circumstances, we conclude that appellant’s written and oral
statements were not the product of a custodial interrogation. Therefore, the
statements were admissible at trial. Appellant’s third issue is overruled.
V. FALSE AND/OR MISLEADING TESTIMONY
         Appellant lastly argues that the State’s knowing use of false or misleading
testimony violated his right to due process of law under the United States Constitution
and due course of law under the Texas Constitution. See U.S. Const. amend XIV;
Tex. Const. art. I, §§ 13, 19. Appellant contends that a comparison of the witness
testimony offered in the two trials gives the appearance that false or misleading
evidence was used on four different occasions to secure appellant’s conviction in his
second trial. However, appellant’s contention is not supported by the record. After
reviewing the testimony relied on by appellant in support of his argument, we find that
appellant has failed to establish that the testimony offered at the second trial was false
or misleading. Appellant has also failed to establish that the State knowingly used
false or misleading testimony, if any. Therefore, appellant’s fourth issue is overruled.
 
VI. CONCLUSION
         Accordingly, the judgment of the trial court is affirmed.

                                                                                                
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 
filed this 4th day of November, 2004.