Affirmed and Memorandum Opinion filed December 22, 2005









Affirmed and Memorandum Opinion filed December 22, 2005.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00999-CR

_______________

 

CHARLES ANTWAIN McKNIGHT, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

____________________________________________________

 

On Appeal from the 263rd District Court

Harris County, Texas

Trial Court Cause No. 964,334

____________________________________________________

 

M E M O R A N D U M  
O P I N I O N

 

Charles
Antwain McKnight appeals a conviction for aggravated robbery[1]
on the ground that he was denied effective assistance of counsel.  We affirm.








Appellant=s two issues argue that he was denied
effective assistance of counsel under the United States and Texas
Constitutions, respectively, because his trial counsel, during the punishment
phase of trial, failed to object to the admission of an exhibit (the Aexhibit@) consisting of Harris County jail
records containing numerous unadjudicated extraneous crimes and acts of
misconduct.  Appellant contends that the
exhibit was inadmissible because it would not support a preliminary finding
that appellant committed the acts listed in it beyond a reasonable doubt.

A
defendant=s right to effective assistance of
counsel is denied when a defense attorney=s performance falls below an
objective standard of reasonableness and there is a reasonable probability
that, but for the error, the result of the proceeding would have been
different.  Yarborough v. Gentry,
540 U.S. 1, 5 (2003); Wiggins v. Smith, 539 U.S. 510, 521, 534 (2003); Scheanette
v. State, 144 S.W.3d 503, 509 (Tex. Crim. App. 2004), cert. denied,
__ U.S. __, 125 S. Ct. 872 (2005).[2]  To show ineffective assistance of counsel for
a failure to object during trial, an appellant must show that the trial court
would have committed error in overruling the objection.  Ex parte White, 160 S.W.3d 46, 53
(Tex. Crim. App. 2004).  In order for
extraneous offense evidence to be admissible at the punishment stage of trial,
it must be sufficient to show that the defendant committed the acts in question
beyond a reasonable doubt.  See Tex. Code Crim. Proc. Ann. art. 37.07 ' 3(a)(1) (Vernon Pamphlet 2005); Mitchell
v. State, 931 S.W.2d 950, 954 (Tex. Crim. App. 1996) (plurality op.).  However, this does not require the evidence
to prove the defendant guilty of each element of a crime with regard to each
extraneous offense, but only that the acts of the extraneous offenses are
attributable to the defendant beyond a reasonable doubt.  Haley v. State, 173 S.W.3d 510, 515
(Tex. Crim. App. 2005).








In
this case, because appellant does not cite authority or otherwise demonstrate
that the records contained in the exhibit could not constitute proof that the
extraneous offenses listed therein were attributable to him beyond a reasonable
doubt, he has failed to show that the exhibit was inadmissible, and thus that
his trial counsel was ineffective by not objecting to its admission.  In addition, because the jury was instructed
not to consider evidence of any extraneous offenses unless it had been shown
beyond a reasonable doubt that the defendant committed them, and because we
presume the jury followed this instruction,[3]
appellant=s two issues fail to show a
reasonable probability that, but for counsel=s failure to object to the exhibit,
the outcome of the proceeding would have been different.  Accordingly, appellant=s two issues are overruled and the
judgment of the trial court is affirmed.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed December 22, 2005.

Panel consists of
Justices Fowler, Edelman and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]           A jury
found appellant guilty and assessed punishment of 50 years confinement.





[2]           The
Texas Court of Criminal Appeals adopted the same standard for determining
ineffective assistance of counsel under Article I, Section 10 as under the
Sixth Amendment.  See Hernandez v.
State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (noting proper analysis
under Texas Constitution is found in Strickland v. Washington, 466 U.S.
668 (1984)).  Therefore, we will consider
both the United States and Texas constitutional claims together.





[3]           See,
e.g., Ross v. State, 133 S.W.3d 618, 624 (Tex. Crim. App. 2004).