In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-226 CR


______________________


 

JAMES MICHAEL PELUSO, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 9th District Court


 Montgomery County, Texas 


Trial Cause No. 04-12-10385 CR 






MEMORANDUM OPINION


 Appellant James Michael Peluso pled guilty to the felony offense of burglary of a
habitation and received seven years' deferred community supervision as well as a fine. The
State filed an amended motion to adjudicate guilt alleging he committed criminal trespass,
burglary of a habitation, burglary of a motor vehicle, failed to pay fees and fines, and failed
to report to the probation office on four occasions. The trial court held a hearing on the
motion, found all eight allegations in the motion to be true, adjudicated Peluso guilty, and
sentenced him to fifteen years in the Texas Department of Criminal Justice Institutional
Division. We affirm the trial court's judgment.

 Peluso argues the trial court erroneously admitted extraneous evidence that harmed
his substantial rights and influenced his sentence. He specifically complains of extraneous
offense evidence elicited during the testimony of Corporal George Beck, Bruce Keville, and
Detective Thomas Gannucci. Corporal Beck testified regarding burglary of a motor vehicle
and criminal trespass offenses in Harris County as alleged in the amended motion to
adjudicate. He testified as to other offenses of burglary and theft, and a warrant for failure
to appear, which were not alleged in the amended motion to adjudicate. Bruce Keville
testified regarding the burglary of his vehicle, which Peluso contends was not an allegation
in the motion to adjudicate. Detective Gannucci testified regarding Peluso's burglary of a
habitation in Montgomery County as alleged in the motion to adjudicate. He also stated he
was aware that Peluso was suspected of numerous burglaries in Harris County. 

 The State maintains that we have no jurisdiction over this appeal under section 5(b)
of article 42.12 of the Texas Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art.
42.12, § 5(b) (Vernon Supp. 2006). Section 5(b) provides, in part, the following:

 On violation of a condition of a community supervision . . . the defendant may
be arrested and detained . . . . The defendant is entitled to a hearing limited to
the determination by the court of whether it proceeds with an adjudication of
guilt on the original charge. No appeal may be taken from this determination.


Id. Only claims that directly and distinctly concern the punishment phase of the adjudication
proceedings are subject to review on direct appeal. Hogans v. State, 176 S.W.3d 829, 834
(Tex. Crim. App. 2005). The State argues the extraneous offense evidence only related to
the adjudication phase of the proceeding and not to the punishment phase, or in the
alternative, that any effect of the evidence on the punishment phase was merely a "spill over"
effect which does not establish jurisdiction. 

 The trial court combined the motion to adjudicate and sentencing hearings. The State
in its closing argument asked for a twenty-year sentence based on "the multiple witnesses,
multiple invasions of privacy, invasions of vehicles, invasions of homes. . . ." In assessing 
punishment, the trial court acknowledged Peluso's "pattern of theft [and] history of felonies,
crime, thievery, burglary." The allegations in the amended motion to adjudicate did not
include theft, and only included one allegation each of burglary of a habitation, burglary of
a vehicle, and criminal trespass. We conclude we have jurisdiction over the punishment
issue. 

 We next consider whether Peluso preserved error. See Tex. R. App. P. 33.1. Peluso
states the alleged error as to all admitted extraneous offense evidence was properly preserved
because the court granted a "running objection" when defense counsel objected to its
introduction. Peluso obtained the running objection ruling during the following exchange:

 [State's counsel]: Okay. I believe you also indicated that there was
a cell phone in Mr. Peluso's possession?

 [Beck]: Correct.


 [State's counsel]: How did you go about determining the owner of
that cell phone?

 [Beck]: We checked the information on the cell phone
itself, the phone book, et cetera, and were able to
locate information on the complainant.

 . . . 

 [Defense counsel]: I'm going to object to the portions we just went
through about the cell phone as being outside the
scope of the Motion to Adjudicate and ask it be
stricken from the Record. These are not offenses
which have been listed.

 [Court]: Overruled.

 . . . 

 [State's counsel]: What did you learn from Ms. Hall regarding the
cell phone?

 [Defense counsel]: I'm going to renew my objection about anything
regarding the cell phone. It's not one of the
allegations in the Motion to Adjudicate.

 [Court]: I'll give you a running objection on it, ma'am. 


Peluso obtained a "running objection" only to evidence "about the cell phone" and "anything
regarding the cell phone." An objection preserves only the specific ground cited. Tex. R.
App. P. 33.1(a)(1)(A); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op.
on reh'g). The objection and the trial court's ruling did not preserve error for all extraneous
offense evidence admitted. The evidence regarding the cell phone is the only extraneous
evidence admitted to which Peluso preserved error. 

 Section 3(g) of Article 37.07 of the Texas Code of Criminal Procedure requires the
State to notify a defendant of its intent to introduce evidence of extraneous offenses at the
guilt/innocence or punishment phase of a trial after a timely request by the defense. Tex.
Code Crim. Proc. Ann. art. 37.07, § 3(g) (Vernon 2006). Peluso requested notice of the
State's intent to introduce extraneous evidence at trial prior to his entering into a plea
agreement for the original offense for which he received community supervision. Peluso
provides no authority to support his contention that this earlier request triggers the notice
requirement for a subsequent motion to adjudicate. 

 Peluso contends in any event the admission of the evidence had a substantial and
injurious effect or influence in determining the trial court's sentencing decision. The State
argues any error arising from the admission of extraneous evidence is harmless. 

 A trial court's ruling on the admissibility of evidence is reviewed under an abuse of
discretion standard. Mitchell v. State, 931 S.W.2d 950, 953 (Tex. Crim. App. 1996). The
motion to adjudicate included an allegation of burglary of a motor vehicle in Harris County
on September 21, 2005. The evidence showed Beck investigated three burglaries that night. 
All three burglaries were part of the same investigation. The motion to adjudicate did not
specify which burglary formed the basis of the allegation. Beck testified to the burglary of
one vehicle on September 21, 2005, and that a cell phone was recovered. It is unclear
whether this burglary was the September 21, 2005 burglary of a vehicle alleged in the motion
to adjudicate. Even if it was not, the record does not indicate this burglary alone had a
substantial and injurious effect or influence in determining the trial court's sentencing
decision. 


 Appellant's sole issue is overruled. The trial court's judgment is affirmed.

 AFFIRMED. 


 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on October 19, 2006

Opinion Delivered January 10, 2007

Do Not Publish


Before McKeithen, Gaultney and Horton, J.J.