

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00073-CR

MICHAEL JONES, II                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. F-2013-1447-A

----------

## MEMORANDUM OPINION[1]

----------

Appellant Michael Jones, II pleaded guilty to the offense of continuous family violence. The trial court conducted a punishment hearing and assessed Appellant's punishment at 8 years' confinement. In a single issue on appeal, Appellant argues that the trial court erred at the punishment hearing by considering certain extraneous bad acts that "were never reported [or] indicted,

---

[1]*See* Tex. R. App. P. 47.4.

where there was conflicting testimony and hence not proven beyond a reasonable doubt." Specifically, Appellant complains of the trial court's consideration of extraneous acts testified to by Stacey—Appellant's wife at the time of the offense and the victim in this case—and testified to by Dayna—Appellant's ex-wife.

Both women testified that Appellant's violence was related to his drinking. Stacey testified to specific, detailed incidents where Appellant slapped her, burned her with a "meth pipe," and punched her in her breasts. Dayna testified that on one occasion during her marriage to Appellant, she had to fight Appellant off with a knife to prevent a sexual assault. She testified that on another occasion as she kneeled in the living room, Appellant placed his foot on her throat and knocked her backwards, causing her to lose consciousness. She also testified to an incident when Appellant "smacked" her in the face. Appellant claims that "[t]he court erroneously took the testimony of these witnesses at face value even though their testimony was not substantiated by any indictment, police reports made, or witnesses."

Regarding extraneous bad acts evidence that may be considered at punishment, article 37.07, section 3(a)(1) of the code of criminal procedure provides, in part:

> (a)(1) Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion

regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (West Supp. 2014). Thus, although Appellant complains that the testimony of Stacey and Dayna concerning extraneous bad acts "was not substantiated by any indictment, police reports made, or witnesses," article 37.07, section 3(a)(1) specifically authorizes consideration at punishment of a defendant's extraneous bad act "regardless of whether [the defendant] has previously been charged with or finally convicted of the act." *Id.* An extraneous bad act must be shown beyond a reasonable doubt to have been committed by the defendant; but whether an extraneous offense or bad act was established beyond a reasonable doubt is a question of fact for the trier of fact, not a preliminary question of admissibility for the trial court. *Vicioso v. State*, 54 S.W.3d 104, 120 (Tex. App.—Waco 2001, pet. ref'd) (citing *Mitchell v. State*, 931 S.W.2d 950, 953 (Tex. Crim. App. 1996)), *cert. denied*, 536 U.S. 915 (2002).

The trial court, as the trier of fact in a bench trial, is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *See, e.g.*, *Goodwin v. State*, 376 S.W.3d 259, 264 (Tex. App.—Austin 2012, pet. ref'd). Here, the trial court was free to determine the credibility of Stacey and of Dayna and to determine the weight to be given their testimony concerning the

extraneous bad acts. We have carefully reviewed the evidence presented at the punishment hearing; deferring to the trial court's punishment-phase determinations as to the credibility of Stacey and Dayna, we hold that the evidence of the complained-of bad acts was sufficient for the trial court to have found beyond a reasonable doubt that Appellant committed the bad acts testified to. *See Haley v. State*, 173 S.W.3d 510, 515 (Tex. Crim. App. 2005) ("[T]he statutorily imposed burden of proof beyond a reasonable doubt does not require the offering party [of bad act evidence under article 37.07, section 3(a)(1)] to necessarily prove that the act was a criminal act or that the defendant committed a crime."); *Kennedy v. State*, 193 S.W.3d 645, 661 (Tex. App.—Fort Worth 2006, pet. ref'd) (en banc, op. on reh'g) (holding that uncorroborated testimony of accomplice on defendant's involvement in prior armed robbery, for which defendant was never indicted, was admissible at punishment as extraneous bad act evidence).

We overrule Appellant's sole issue and affirm the judgment of the trial court.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: WALKER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 8, 2015

4