**Opinion filed September 17, 2015**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-13-00348-CR & 11-13-00349-CR

_____

**THEOFIC SNYDER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 211th District Court**

**Denton County, Texas**

**Trial Court Cause Nos. F-2012-1252-C & F-2012-1253-C**

## M E M O R A N D U M   O P I N I O N

The grand jury indicted Theofic Snyder for two separate aggravated robbery offenses. *See* TEX. PENAL CODE ANN. § 29.03 (West 2011). The cases were tried together. Appellant entered pleas of guilty to both of the offenses and elected to have the jury assess his punishment. The jury found Appellant guilty and assessed his punishment at confinement for thirty years for each offense. The trial court

ordered the sentences to run concurrently. Appellant raises two points of error on appeal. We affirm.

In his first point, Appellant argues that the trial court erred when it admitted two unadjudicated extraneous offenses into evidence without first finding that the evidence was relevant. Therefore, Appellant argues, the trial court denied him a fair trial. The State's punishment evidence showed that Appellant has an extensive criminal record; the evidence was presented over a span of three days. We have reviewed the record and assume that Appellant directs his complaint to two burglary charges that were pending at the time of this trial: a burglary of a habitation that occurred on November 7, 2011, and a burglary of a building that occurred on April 19, 2012. However, Appellant has not preserved error as to his first point. Appellant failed to object to the admission of the two unadjudicated extraneous offenses and, therefore, waived his complaint. We overrule Appellant's first point of error.

In Appellant's second point, he maintains that the trial court erred when it failed to include a separate verdict form to be used by the jury to show that it found beyond a reasonable doubt that he committed the unadjudicated extraneous offenses. Appellant contends that there is no evidence that the jury even considered whether he committed the two unadjudicated crimes beyond a reasonable doubt, but he concedes that "there was extensive testimony" presented by the State on the alleged crimes. Additionally, Appellant did not object to the jury charge, nor did he request that the trial court submit a separate verdict form as to Appellant's guilt on the unadjudicated extraneous offenses. Appellant has not directed us to a single case in which a court has held that a defendant is entitled to a separate verdict of guilty on an extraneous offense before the jury can consider it. A defendant is entitled to an instruction in the charge that informs the jury that it must find that the defendant committed the extraneous offense, if any, beyond a reasonable doubt before it can

consider the offense in its punishment deliberations. *Mitchell v. State*, 931 S.W.2d 950, 954 (Tex. Crim. App. 1996). The jury here was so instructed. Appellant was not entitled to a separate verdict form on his pending extraneous crimes. *See Matchett v. State*, 941 S.W.2d 922, 937 (Tex. Crim. App. 1996). We overrule Appellant's second point.

We affirm the judgment of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


September 17, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.