NUMBER 13-03-00186-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

                                                                                                                       


JACOB KIMBERLIN,                                                                         Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

                                                                      
                                                 

    On appeal from the 105th District Court of Nueces County,
Texas.

                                                                                                                       


                       MEMORANDUM OPINION

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez

                         Memorandum Opinion by
Justice Hinojosa








A jury found appellant, Jacob Kimberlin, guilty of
the offense of murder and assessed his punishment at sixty years= imprisonment. 
The trial court has certified that this is not a plea bargain case, and
the defendant has the right of appeal.  See
Tex. R. App. P. 25.2(a)(2).  In three issues, appellant contends (1) the
suppression of material exculpatory evidence deprived him of due process of
law, (2) the trial court abused its discretion in excluding an exculpatory
excited utterance, and (3) the trial court erred in admitting irrelevant and
prejudicial evidence during punishment.  We affirm.

As this is a memorandum opinion not designated for
publication and because all issues of law presented by this case are well
settled and the parties are familiar with the facts, we will not recite the law
and the facts here except as necessary to advise the parties of our decision
and the basic reasons for it.  See Tex. R. App. P. 47.4.

                                A.  Suppression
of Exculpatory Evidence

In his first issue, appellant contends that because
the State failed to inform him of the availability of Robert Tijerina to
testify, the State violated his due process rights under Brady v. Maryland,
373 U.S. 83 (1963).

In Brady v. Maryland, the United States
Supreme Court held that suppression by the prosecution of evidence favorable to
the accused violates due process when the evidence is material to either guilt
or punishment, regardless of the bad or good faith of the prosecution.  See id. at 87.  To determine whether the suppression of
evidence mandates reversal under Brady, the following three factors must
exist:  (1) the State must suppress or
withhold evidence; (2) that is favorable to the accused; and (3) that is
material to the defense.  Thomas v.
State, 841 S.W.2d 399, 403 (Tex. Crim. App. 1992) (citing Moore v.
Illinois, 408 U.S. 786, 787-95 (1972)). 
Favorable evidence includes both exculpatory and impeachment
evidence.  Id. at 404.  The evidence is material only if there is a
reasonable probability that, had the evidence been disclosed to the defense,
the result of the proceeding would have been different.  Id. 
A Areasonable probability@ is a
probability sufficient to undermine confidence in the outcome.  Id.








Appellant claims that Tijerina=s testimony would have supported his defensive
theory that appellant was the driver of the vehicle and David Ayala was the
shooter.  However, appellant has not
established that there is a reasonable probability that the exclusion of Tijerina=s testimony undermined the confidence of the outcome
of his trial.

At the hearing on the motion for new trial, Tijerina
testified that he witnessed a white vehicle go down his street the night of the
shooting, and the driver of the vehicle was a bald Hispanic or white male.  However, Tijerina was unable to identify
anybody in the vehicle.  Appellant has
not shown how the result of his trial would have been different if Tijerina=s testimony had been presented to the jury.  Tijerina did not relay the time the vehicle
traveled on his street, nor did he identify the make of the vehicle or anyone
inside the vehicle.

Accordingly, we hold that Tijerina=s testimony does not qualify as Brady
evidence.  Therefore, its suppression
does not constitute a due process violation. 
Appellant=s first issue is overruled.

                                          B.  Excited
Utterance Exception

In his second issue, appellant contends the trial
court erred in excluding the out-of-court declarations of Robert Tijerina
because they fall within the excited utterance exception to the hearsay rule.








Assuming, without deciding, that the trial court's
ruling was erroneous, we must determine whether it amounts to reversible
error.  Exclusion of evidence is non‑constitutional
error, unless it precludes the defendant from presenting the substance of his
defense.  Potier v. State, 68
S.W.3d 657, 666 (Tex. Crim. App. 2002). 
Non‑constitutional error that does not affect a defendant's
substantial rights must be disregarded on appeal.  Tex.
R. App. P. 44.2(b).  A substantial
right is affected when the error had a substantial and injurious effect or
influence in determining the jury's verdict. 
Morales v. State, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000).  A reviewing court may not reverse a
conviction for non‑constitutional error if, after reviewing the record as
a whole, it has "a fair assurance that the error did not influence the
jury, or had but a slight effect."  Id.  In making the harm analysis, the reviewing
court should consider the entire record, including any defensive theories.  Motilla v. State, 78 S.W.3d 352, 355‑56
(Tex. Crim. App. 2002).

 We concluded
above that appellant had not shown how the result of the trial would have been
different if Tijerina=s testimony had been presented to the jury.  Likewise, after reviewing the record, we
conclude that any error had but a slight effect.  Appellant=s
second issue is overruled.

                                 C.  Admission
of Prior ABad Act@ Evidence

In his third issue, appellant complains that the
trial court erred in admitting the testimony of Jennifer Fisher at the
punishment phase of the trial.[1]  Specifically, appellant contends the State
failed to prove beyond a reasonable doubt that he engaged in the Abad act,@ and alternatively, the prejudicial effect of the
evidence outweighs its probative value.








We review a trial court's decision to admit evidence
under an abuse of discretion standard.  Allen
v. State, 108 S.W.3d 281, 285 (Tex. Crim. App. 2003).  During the punishment phase of a trial, the
State may offer evidence Aas to any matter the court deems relevant to
sentencing, including but not limited to . . . any other evidence of an
extraneous crime or bad act that is shown beyond a reasonable doubt by evidence
to have been committed by the defendant or for which he could be held
criminally responsible, regardless of whether he has previously been charged. .
. .@  Tex. Code Crim. Proc. Ann. art. 37.07, ' 3(a) (Vernon Supp. 2004-05).  The trial court is responsible for
determining the threshold admissibility of extraneous offense evidence at the
punishment phase; that is, the court must make an initial determination at the
proffer of the evidence that a jury could reasonably find beyond a reasonable
doubt that the defendant committed the extraneous offense.  Moore v. State, 82 S.W.3d 399, 409
(Tex. App.BAustin 2002, pet. ref'd); see Mitchell v. State,
931 S.W.2d 950, 954 (Tex. Crim. App. 1996).

After reviewing the record, we conclude the trial
court did not abuse its discretion by admitting Fisher=s testimony. 
The trial court heard the testimony outside the presence of the jury
following appellant=s objection, determined the testimony was relevant
for purposes of punishment, and properly instructed the jury only to consider
evidence of any bad act committed if they found beyond a reasonable doubt that
appellant committed such act.  Appellant=s third issue is overruled.

The judgment of the trial court is affirmed. 

 

 

FEDERICO G. HINOJOSA

Justice

 

Do
not publish.  See Tex. R. App. P. 47.2(b).

 

Memorandum
Opinion delivered and filed this the

30th
day of June, 2005.











[1] Jennifer Fisher testified that
when she was in the Nueces County Jail in February 2003, she had conversations
through the ventilation system with someone named AMaverick@ regarding sexual conduct.  The next day she was transferred to a
substance abuse treatment facility (ASATF@). 
While in that facility, she received a letter signed by AMaverick,@ which states, among other things, AIt really sucks we didn=t get to know each other a little
better over the vent before you left for SATF. . . .@ 
During the guilt/innocence phase of trial, appellant admitted that he
wrote the letter addressed to Jennifer Fisher.