In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00249-CR


______________________________




EDDIE RAY STIGGER, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 354th Judicial District Court


Hunt County, Texas


Trial Court No. 21,148




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Officer Jason Whitten arrested Eddie Ray Stigger for possession of cocaine (with intent to
distribute) in an amount greater than four grams but less than 200 grams. See Tex. Health &
Safety Code Ann. § 481.102(3)(D) (Vernon Supp. 2006) (defining cocaine as Penalty Group 1
substance), § 481.112 (Vernon 2003) (criminalizing possession of Penalty Group 1 substance with
intent to distribute). Whitten discovered the cocaine in the center console of Stigger's automobile
after stopping him for a routine traffic violation. Stigger now appeals, raising three points of error. 
We overrule each issue and affirm the trial court's judgment.

I. Failure to Dismiss the Indictment When Stigger Was Not Tried Within 180 Days

 In his first point of error, Stigger contends the trial court erred by not dismissing the
indictment against him pursuant to Article 51.14 of the Texas Code of Criminal Procedure. Stigger
also raised this issue in a companion appeal, Stigger v. State, cause number 06-06-00248-CR. In our
opinion in that case issued today, we concluded that Stigger initially agreed to a trial setting outside
the 180-day deadline generally imposed under the Interstate Agreement on Detainers Act. See Tex.
Code Crim. Proc. Ann. art. 51.14 (Vernon 2006). Accordingly, for the reasons stated in that
companion appeal, we likewise conclude in this case that Stigger's agreement to being tried beyond
the 180-day deadline served to waive his right to complain in this forum about such a setting. We
overrule this first issue.

II. Denial of Stigger's Suppression Motion

 In his second and third points of error, Stigger contends the trial court erred by overruling his
motion to suppress evidence. He contends the officer's search violated both the Federal and State
Constitutions. 

 We review a trial court's ruling on a motion to suppress for abuse of discretion. Bessey v.
State, 199 S.W.3d 546, 549 (Tex. App.--Texarkana 2006, no pet.) (citing Mitchell v. State, 931
S.W.2d 950, 953 (Tex. Crim. App. 1996); Randon v. State, 107 S.W.3d 646, 651 (Tex.
App.--Texarkana 2003, no pet.)). "If the trial court's evidentiary ruling is correct under any theory
applicable to the case, we must sustain the trial court's decision to overrule the motion to suppress." 
Id. (citing Gonzalez v. State, 195 S.W.3d 114, 126 n.48 (Tex. Crim. App. 2006); Romero v. State,
800 S.W.2d 539, 543 (Tex. Crim. App. 1990); Felan v. State, 44 S.W.3d 249, 253 (Tex. App.--Fort
Worth 2001, pet. ref'd)). We must defer to a trial court's finding of fact, but we review de novo the
lower court's application of law to fact. Wiede v. State, 214 S.W.3d 17, 25 (Tex. Crim. App. 2007);
State v. Dixon, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006).

 An officer's warrantless search of a person or person's property is presumed to be an
unreasonable search under the Fourth Amendment unless an exception excuses the officer's conduct. 
Minnesota v. Dickerson, 508 U.S. 366, 372 (1993); Brimage v. State, 918 S.W.2d 466, 500 (Tex.
Crim. App. 1996) (plurality op.) (op. on reh'g); Kelly v. State, 669 S.W.2d 720, 725 (Tex. Crim. App.
1984); Hitchcock v. State, 118 S.W.3d 844, 848 (Tex. App.--Texarkana 2003, pet. ref'd). "[W]here
police have reasonable suspicion based on specific and articulable facts to believe that a driver may
be armed and dangerous, they may conduct a protective search for weapons not only of the driver's
person but also of the passenger compartment of the automobile." Dickerson, 508 U.S. at 374. "Of
course, the protective search of the vehicle, being justified solely by the danger that weapons stored
there could be used against the officers or bystanders, must be 'limited to those areas in which a
weapon may be placed or hidden.'" Id. (quoting Michigan v. Long, 463 U.S. 1032, 1049 (1983)). 
"If, while conducting a legitimate Terry (1) search of the interior of the automobile, the officer should
. . . discover contraband other than weapons, he clearly cannot be required to ignore the contraband,
and the Fourth Amendment does not require its suppression in such instances." Long, 463 U.S. at
1050 (citing Collidge v. New Hampshire, 403 U.S. 443, 465 (1971); Michigan v. Tyler, 436 U.S.
499, 509 (1978); Texas v. Brown, 460 U.S. 730, 739 (1983) (plurality op. by Rehnquist, J.) & 746
(Powell, J., concurring in judgment)).

 Stigger concedes on appeal that he was lawfully stopped by Officer Whitten for failing to
signal a right turn. See Tex. Transp. Code Ann. § 545.104 (Vernon 1999). Thus, we need not
concern ourselves with the reasonableness of Stigger's initial detention. Instead, Stigger now
contends that Whitten's search of the closed compartments within the interior of Stigger's vehicle
violated both the State and Federal Constitutions. 

 Officer Whitten, a ten-year veteran of the Greenville Police Department, testified that once
he activated the overhead emergency lights on his marked police car, Stigger did not immediately
pull to the side of the road and stop his vehicle. See Tex. Transp. Code Ann. § 545.156(a) (Vernon
1999). Stigger instead continued down the street before ultimately pulling into a residential
driveway. As Whitten had been following Stigger's vehicle (after activating the police car's overhead
lights), Whitten observed "[t]he driver making furtive movements towards the center of the vehicle." 
The officer explained that he considered a "furtive movement" to be a movement someone makes
when he is trying to hide or conceal something. Whitten also described the area in which he stopped
Stigger's automobile as a "high crime area." During the traffic stop, Whitten also noticed an open
beer can in the cup holder in the front seat of Stigger's vehicle, a violation of Section 49.031(b) of
the Texas Penal Code. See Tex. Penal Code Ann. § 49.031(b) (Vernon 2003). 

 Whitten subsequently asked Stigger if he had any weapons in the car. When Stigger said,
"No," Whitten told Stigger that he intended to search the area inside the car which had been within
Stigger's immediate reach due to the officer witnessing Stigger making furtive movements before
stopping the vehicle. The officer testified that the open beer can was found near a center console,
within Stigger's reach. Whitten also testified that he found some plastic bags inside a center console;
these bags contained residue of crack cocaine. The officer immediately seized the bags and their
contents. Whitten also told the trial court that he initiated the search in question because the traffic
stop occurred in a high crime area and he feared that a weapon might be located inside Stigger's car
and within Stigger's immediate reach.

 The trial court made oral findings of fact and conclusions of law. The record shows that the
trial court found Whitten's testimony to be credible, that the court believed that his testimony
contained specific and articulable facts justifying his search of Stigger's automobile, and that the
search occurred in a high crime area. As outlined above, the record of Officer Whitten's testimony
supports those conclusions by the trial court. Given that the record supports the trial court's findings
of fact and conclusions of law, we cannot say the trial court erred by holding the Fourth Amendment
did not prohibit Whitten's protective search of the passenger compartment for weapons. Cf. Long,
463 U.S. 1048-49 (officer may search area within driver's reach in certain situations based on
"specific and articulable facts"). We overrule Stigger's challenge under the Federal Constitution. 
And, inasmuch as Stigger's brief on appeal makes no attempt to demonstrate that the Texas
Constitution offers any greater protection against police searches and seizures than the protection
otherwise provided by our Federal Constitution's Fourth Amendment, we overrule Stigger's third
point of error for similar reasons.

 We affirm the trial court's judgment.



 Bailey C. Moseley

 Justice


Date Submitted: July 16, 2007

Date Decided: July 26, 2007


Do Not Publish
1. Terry v. Ohio, 392 U.S. 1 (1968).