COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-113-CR

 

 

PAUL COY                                                                         APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM THE 211TH
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.
Introduction








A jury found Appellant Paul Coy guilty of
delivery of a controlled substance and assessed his punishment at fifty years=
imprisonment and a $10,000 fine.  The
trial court sentenced him accordingly. 
In two points, Coy argues that the trial court violated his right to due
process by denying his request to admonish a witness for the State on her
privilege against self-incrimination and that the trial court erred by
admitting extraneous offense evidence during the punishment stage of his
trial.  We will affirm.

II. Factual
and Procedural Background

Rachel Richardson was arrested for possession of
marijuana and agreed to assist The Colony Police Department in a Asting@
operation in exchange for Ahelp@ with
the charges against her.  Richardson=s
roommate, Paige Lorimer, also agreed to work with the police.  Lorimer and Richardson arranged a drug deal
to purchase twenty-five OxyContin pills from their supplier, Coy, for
$150.  Police arrested Coy after the sale
took place.  

During the punishment stage of Coy=s trial,
Lorimer testified for the State.  When
the State asked if Awould it be fair to say that@ Coy had
supplied her with drugs for approximately two months prior to his arrest,
defense counsel asked that the jury be excused. 
Outside the jury=s presence, defense counsel
stated, 

I believe Ms. Lorimer may
need to be admonished as to her right to remain silent since it appears that
[the State] may be going into offenses that the police were not involved in
where she does not have the police protection as a confidential informant and
is subjecting herself to possible criminal prosecution for those cases.

 

The State responded, 








I don=t believe she [Lorimer]
can be prosecuted for possession of a controlled substance without having
obtained the controlled substance.  We
have no lab reports.  We have noCno type of evidence to
proceed.  I don=t believe there=s going to be any
evidence elicited that she had delivered, or anything like that, a controlled
substance, so I don=t know what particular
offense could be charged, unless you know something I don=t that you=re talking about.

 

The State also said that it was not offering Lorimer any immunity for
her testimony.  The trial court asked
whether she was represented by an attorney, to which she responded that she was
not.  The trial court then asked if she
understood what the State and the defense counsel were talking about Aas far
as opening yourself up to some sort of criminal prosecution in the future,@ to
which Lorimer responded, AKind of.@  The trial court denied Coy=s
request for an admonishment.[2]  Over defense counsel=s
objection, Lorimer testified that Coy had supplied her with drugs A[m]aybe
every other week@ for the two months leading up
to his arrest.  

III. Due
Process

In his first point, Coy argues that the trial
court violated his right to due process by denying his request to admonish
Lorimer on her Fifth Amendment privilege against self-incrimination.








Witnesses are protected from mandatory self‑incrimination
under the state and federal constitutions. 
See U.S. Const. amend. V; Tex. Const. art. I, ' 10; see
also Thomas v. State, 723 S.W.2d 696, 704 (Tex. Crim. App. 1986) (holding
that state and federal privileges against self‑incrimination are
comparable in scope).  

A trial court has no obligation to caution a
witness regarding the perils of self-incriminating testimony.  See Knotts v. State, 61 S.W.3d 112,
116 (Tex. App.CHouston [14th Dist.] 2001, pet.
ref=d).  A court may, in the interest of fairness to a
witness, caution the witness when he is unwittingly incriminating himself or,
due to unusual circumstances, is likely to commit perjury.  Id. (citing Safari v. State,
961 S.W.2d 437, 443 (Tex. App.CHouston
[1st Dist.] 1997, pet. ref=d,
untimely filed).  The better practice,
however, is for a trial court not to admonish a witness of the inherent risks
in testifying because such warnings may infringe upon an accused=s right
to due process.  Safari, 961
S.W.2d at 444.  In other words, what the
trial court intends as a helpful admonishment may be perceived by the putative
witness as a coercive threat.  Knotts,
61 S.W.3d at 117; see Webb v. Texas, 409 U.S. 95, 98, 93 S. Ct. 351, 353
(1972) (holding trial court=s sua
sponte warnings to defendant=s only
witness were Athreatening remarks@ that Aeffectively
drove that witness off the stand@ and
deprived defendant of due process).








        Here, because the trial court was not required to inform
Lorimer of her privilege against self-incrimination, no error occurred when the
trial court did not do so.  See Knotts,
61 S.W.3d at 116; Safari, 961 S.W.2d at 443. AdditionallyCas Coy
aptly points out on appealConly
Lorimer could assert her Fifth Amendment right, and Coy could not require her
to assert that right.  See Dunn v.
State, 696 S.W.2d 561, 567 (Tex. Crim. App. 1985) (A[A]n
accused=s right
against self‑incrimination is personal, and cannot be invoked or waived
by anyone other than the accused.@), cert.
denied, 475 U.S. 1089 (1986), implicit overruling on other grounds
recognized by Goodwin v. State, 799 S.W.2d 719 (Tex. Crim. App. 1990).  We cannot see how the trial court=s
refusal to warn Lorimer of the dangers of self-incrimination violated Coy=s due
process rights.  We overrule Coy=s first
point.

IV.  Extraneous Offense Evidence

In his second point, Coy argues that the trial
court erred by allowing Lorimer to testify about previous drug transactions
between herself and Coy. Specifically, Coy argues that a jury could not have
rationally believe that Coy committed those extraneous acts beyond a reasonable
doubt or that he could be held criminally liable for those acts.  








A trial court=s
decision to admit evidence is reviewed under an abuse of discretion
standard.  Ellison v. State, 86
S.W.3d 226, 227 (Tex. Crim. App. 2002); Mitchell v. State, 931 S.W.2d
950, 953 (Tex. Crim. App. 1996), cert. denied, 536 U.S. 915 (2001).  The reviewing court may reverse the trial
court=s
decision only if the ruling is outside the zone of reasonable
disagreement.   Ford v. State, 919 S.W.2d 107, 115 (Tex.
Crim. App. 1996); Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim.
App. 1991) (op. on reh=g).

The admissibility of evidence at punishment is
guided largely by article 37.07, section three of the Texas Code of Criminal
Procedure.  Haley v. State, 173
S.W.3d 510, 513 (Tex. Crim. App. 2005). 
Under this section, the State may offer in evidence any matter the trial
court deems relevant to sentencing. See Tex. Code Crim. Proc. Ann. art.
37.07, ' 3(a)(1)
(Vernon Supp. 2009).  The State may
introduce evidence of an extraneous offense or bad act provided the act is
proven beyond a reasonable doubt to have been committed by the defendant or for
which he could be held criminally responsible.  Id. 








The trial court must make the threshold
determination of admissibility of extraneous offense evidence.  Mitchell, 931 S.W.2d at 954; see Jordan
v. State, 271 S.W.3d 850, 855 (Tex. App.CAmarillo
2008, pet. ref=d).  ABefore
the jury can consider this evidence in assessing punishment, it must be
satisfied beyond a reasonable doubt that the acts are attributable to the
defendant.@ Haley, 173 S.W.3d at 515
(citing Huizar v. State, 12 S.W.3d 479, 482B83 (Tex.
Crim. App. 2000)).  The court of criminal
appeals has held that the statutory burden of proof applies to a defendant=s
involvement in the act itself, not to the elements of a crime necessary for a
finding of guilt.  Id.

In this case, Lorimer testified at the
guilt-innocence stage of Coy=s trial
that she had known Coy for approximately three months and that during that
time, she saw him Aoften.@  At the punishment stage of trial, she further
testified that he was her drug dealer during that time period.  We conclude that this evidence is sufficient
to prove beyond a reasonable doubt that this bad act was attributable to
Coy.  See Haley, 173 S.W.3d
at 515.  Consequently, we hold that the
trial court did not abuse its discretion by admitting this evidence during the
punishment stage of Coy=s trial.  See Ellison, 86 S.W.3d at 227;  Mitchell, 931 S.W.2d at 953.  We overrule Coy=s second
point.  

V. Conclusion

Having overruled Coy=s two
points, we affirm the trial court=s
judgment.

 

SUE
WALKER

JUSTICE

 

PANEL: LIVINGSTON,
DAUPHINOT, and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: February 11, 2010











[1]See Tex. R. App. P. 47.4.





[2]Defense counsel also
objected that the testimony was inadmissible extraneous offense evidence
because it could not be established beyond a reasonable doubt.