**Affirmed as modified; Opinion Filed January 27, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00036-CR

**TOBI LAWAN DOUNLEY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F15-56205-Q**

# MEMORANDUM OPINION

Before Justices Myers, Osborne, and Nowell
Opinion by Justice Myers

A jury convicted appellant Tobi Lawan Dounley of aggravated sexual assault of a child and assessed punishment at fourteen years' imprisonment. In one issue, he argues the trial court erred by admitting evidence concerning a prior alleged incident of sexual abuse. The State also brings a cross-point arguing we should modify the judgment to accurately reflect the degree of the offense. As modified, we affirm.

## DISCUSSION

In his issue, appellant contends the trial court erred by admitting evidence concerning a prior alleged incident of sexual abuse as rule 404(b) evidence. Appellant argues that because the only evidence offered in support of the alleged extraneous offense was the testimony of the complaining witness, who was unsure whether the event had occurred, no rational juror could find beyond a reasonable doubt that the extraneous incident had occurred. Thus, appellant argues, the

trial court abused its discretion in admitting this evidence.

We review the trial court's decision to admit or exclude evidence for abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). The trial court abuses its discretion only if its decision is "so clearly wrong as to lie outside the zone within which reasonable people might disagree." *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008). The trial court does not abuse its discretion if some evidence supports its decision. *See Osbourn v. State*, 92 S.W.3d 531, 538 (Tex. Crim. App. 2002). We uphold the trial court's evidentiary ruling if it was correct on any theory of law applicable to the case. *See De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

When deciding whether to admit extraneous offense evidence during the guilt/innocence phase of a trial, the trial court must make an initial determination that the jury could find beyond a reasonable doubt that the defendant committed the extraneous offense. *Harrell v. State*, 884 S.W.2d 154, 160 (Tex. Crim. App. 1994). Furthermore, upon the defendant's request, the trial court must instruct the jury not to consider the admitted extraneous offense evidence unless it believes beyond a reasonable doubt that the defendant committed the extraneous offense. *Delgado v. State*, 235 S.W.3d 244, 251 (Tex. Crim. App. 2007). The jury is the ultimate trier of fact, and it alone determines if an extraneous offense has been proven beyond a reasonable doubt. *See Mitchell v. State*, 931 S.W.2d 950, 954 (Tex. Crim. App. 1996) (the trial judge has the responsibility of determining the threshold admissibility of extraneous offenses and the jury determines whether or not the State has proven the extraneous offense beyond a reasonable doubt).

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that on a particular occasion the person acted in conformity with the character. TEX. R. EVID. 404(b)(1). Such evidence, however, may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or

absence of mistake or accident. *Martin v. State*, 173 S.W.3d 463, 466 (Tex. Crim. App. 2005). Also, in prosecutions involving certain offenses against children under the age of seventeen, including sexual offenses and assaultive offenses, section 1 of article 38.37 of the code of criminal procedure permits the admission of evidence of "other crimes, wrongs, or acts" committed by the defendant against the child victim:

> Notwithstanding Rules 404 and 405, Texas Rules of Evidence, evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including:
>
> (1) the state of mind of the defendant and the child; and
>
> (2) the previous and subsequent relationship between the defendant and the child.

TEX. CODE CRIM. PROC. ANN. art. 38.37, §§ 1(a)(1)(A), (B), 1(b). Article 38.37 does allow for the admission of other crimes, wrongs or acts when relevant. *Phillips v. State*, 193 S.W.3d 904, 911 (Tex. Crim. App. 2006).

A grand jury indicted appellant for the offense of continuous sexual abuse of a young child. The indictment alleged that on or about July 16, 2015, appellant did:

> [T]hen and there intentionally and knowingly, during a period that was 30 or more days in duration, when the defendant was 17 years of age or older, commit two or more acts of sexual abuse against [the complainant], a child younger than 14 years of age, hereinafter called complainant, namely by: by the penetration of the complainant's female sexual organ by the Defendant's finger AND by the contact between the hand of the Defendant and the genitals of the complainant with the intent to arouse and gratify the sexual desire of the Defendant[.]

*See* TEX. PENAL CODE ANN. § 21.02. The State elected to proceed on the lesser-included offense of aggravated sexual assault of a child younger than fourteen years of age. *See id*. § 22.021.

The evidence at trial showed that on July 16, 2015, when she was thirteen years old, the complainant was in the kitchen washing up after dinner. Her stepfather, appellant, gave her an allergy pill. This confused the complainant because she did not have any allergies and "hardly ever got sick." Later that night, after she had gone to bed, appellant came into the complainant's

–3–

room, began rubbing her arms and legs, and left. He then returned and again rubbed her arms and legs. The complainant pretended to be asleep as appellant rubbed her arms and legs and reached up her basketball shorts. Appellant left the room and when he returned, he reached all the way up to the complainant's vagina and rubbed it on the outside of her underwear in a circular motion with his thumb. The complainant testified she was confused and flooded with emotions, but she pretended to be asleep. Appellant left the room and returned a third time, trying to remove the complainant's underwear as she shifted her body to stop him from touching her. Appellant continued reaching up the complainant's shorts and ultimately moved her underwear aside and touched her vagina with his hand. Appellant touched "the hole" of her vagina with his finger or thumb. The complainant could feel appellant's fingernails as he touched her, and she wanted to scream because it felt "[h]orrible." The complainant moved again, appellant stopped, and he left the room.

When appellant left the room, the complainant went into her mother's room and made an outcry to her mother. After the complainant told her mother about what had happened, the complainant's mother called the police, and appellant was arrested that night. During her testimony, the complainant also testified about a prior incident that occurred one night when she was around eleven or twelve years old. According to the complainant, appellant touched her vagina with his hand, over her clothes, and then reached into her pants and rubbed her vagina.[1]

The trial court held an article 38.37 pretrial hearing to determine the admissibility of evidence of the first incident. During that hearing, defense counsel argued the highly prejudicial nature of this evidence substantially outweighed its probative value. The complainant testified that the she thought the first incident occurred on the night before her sister's fifth birthday party,

---

[1] Initially, the two allegations formed the basis for the continuous sexual abuse charge against appellant. But prior to trial, the State elected to proceed on the lesser-included offense of aggravated sexual assault of a child.

when the complainant was around twelve years old. She described falling asleep on the couch and appellant carrying her to bed. The complainant said she was "half asleep" when appellant placed her in the bed she shared with her younger sister and started touching her. She testified that appellant's hand reached into her pants from the waist and touched her vagina, rubbing it. Appellant then woke her up and asked for a hug, so she hugged him and went back to sleep. She testified that "everything was normal the next morning," so she thought what happened "was probably just a dream." She realized it was not a dream when appellant touched her again. The complainant testified that she had a memory of the first time appellant touched her. Asked why she did not tell anyone about it, the complainant replied, "I don't know. I just—I thought it was a dream. I didn't wanna, yeah."

On cross-examination at the hearing, the complainant confirmed that part of the reason she did not tell anyone about the first time appellant touched her was because she believed it was a dream; she said the second incident convinced her that the first had not been a dream. Rejecting defense counsel's argument that the testimony regarding the first incident was unreliable because "the complaining witness has consistently said it was a dream," the trial court determined that the complainant could testify regarding the incident. The trial court explained that "[t]he jury will make a fact determination as to whether or not they believe it beyond a reasonable doubt, and the Court will provide a limiting instruction at the conclusion of the testimony in that regard unless you don't want one." Defense counsel replied, "I do." Thereafter, the complainant testified before the jury about both incidents.

Appellant argues that no rational juror could have found the first extraneous incident of touching occurred based on the evidence presented at trial. The trial court, however, held a hearing and heard the complainant's testimony detailing an extraneous offense similar to the charged offense before making the threshold determination that the evidence was admissible. The record

–5–

shows that the alleged perpetrator and victim were the same, and both offenses involved sexual contact between appellant's hand and the complainant's vagina. The complainant described the alleged contact in detail, and she testified that she was approximately twelve years old when appellant first touched her. Her testimony showed that she discounted the memory of that first incident as a dream until appellant touched her a second time. The complainant testified that she had a memory of the first incident and she provided a detailed account of that incident at trial. We conclude the trial court did not abuse its discretion in impliedly determining the jury could find beyond a reasonable doubt that appellant committed the extraneous offense. *See Harrell*, 884 S.W.2d at 160.

> Additionally, we note that the jury charge instructed the jury as follows:
>
> You are instructed that you may not consider the defendant's commission of crimes, wrongs, or acts not alleged in the indictment, unless you first find and believe from the evidence beyond a reasonable doubt that the defendant committed such crimes, wrongs, or acts. Even then, you may only use that evidence for the limited purpose for which it was admitted, as instructed below.
>
> You are instructed that if there is any evidence before you in this case regarding other crimes, wrongs, or acts committed by the defendant against [the complainant] you may consider such evidence for its bearing on relevant matters, including the state of mind of the defendant and [the complainant], and the previous or subsequent relationship between the defendant and [the complainant].
>
> You are instructed that if there is any evidence before you in this case regarding the defendant having committed other crimes, wrongs, or bad acts, you may consider such evidence only in determining the motive, opportunity, intent, plan, preparation, knowledge, absence of mistake, or lack of accident of the defendant, and for no other purpose.

The trial court's charge explained the purposes for which the jury could consider the evidence and that the jury was required to find the offense occurred beyond a reasonable doubt before considering the evidence for the allowable purposes. Therefore, to the extent the jury may have considered the extraneous offense in determining appellant's guilt, we defer to its judgment on whether the State proved it beyond a reasonable doubt. *See Mitchell*, 931 S.W.2d at 954; *Stulce v.*

*State*, No. 05–14–01226–CR, 2016 WL 4218594, at *3 (Tex. App.—Dallas Aug. 9, 2016, no pet.) (mem. op., not designated for publication) (citing *Mitchell*).  We overrule appellant's issue.

In a cross-point, the State argues we should modify the judgment to accurately reflect the degree of the offense, i.e., that appellant was convicted of a first-degree felony.  The indictment in this case charged appellant with continuous sexual abuse of a child, but, as we noted earlier, the State proceeded to trial on the lesser-included offense of aggravated sexual assault of a child, a first-degree felony.  *See* TEX. PENAL CODE ANN. § 22.021(e).  However, the judgment inaccurately states that the offense was a second-degree felony.  Accordingly, we sustain the State's cross-point and modify the judgment to show that appellant was convicted of a first-degree felony offense.  *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, the judgment of the trial court is affirmed.


/Lana Myers/
LANA MYERS
JUSTICE


Do Not Publish
TEX. R. APP. P. 47.2(b)
190036F.U05

–7–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

TOBI LAWAN DOUNLEY, Appellant

No. 05-19-00036-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F15-56205-Q.
Opinion delivered by Justice Myers.
Justices Osborne and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

> The part of the judgment that reads, "Degree of Offense: 2ND DEGREE FELONY," should be changed to read: "Degree of Offense: 1ST DEGREE FELONY."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 27th day of January, 2020.